MARY L. HART et al., Appellants, *v.* MARY BLABEY, Respondent.

Argued November 28, 1941; decided January 15, 1942.

*John J. Donohue, Edward N. Scheiberling* and *John M. Schneider* for appellants. The action is not barred by the Statute of Limitations. (*Burlingham* v. *Hanrahan*, 140 Misc. Rep. 512.) All proper and necessary parties to the action are before the court. (Corpus Juris, ¶ 158; Civ. Prac. Act, § 192.)

*Robert G. Blabey* for respondent. The action is barred by the statute of limitations and the Appellate Division properly dismissed the complaint. (*Guaranty Trust Co.*

v. *United States*, 304 U. S. 126; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Sears* v. *Hetfield*, 216 App. Div. 767; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 N. Y. 86; *Leprell* v. *Kleinschmidt*, 112 N. Y. 364; *Bartlett* v. *Judd*, 21 N. Y. 200; *Perrior* v. *Peck*, 39 App. Div. 390; 167 N. Y. 582; *Buttles* v. *Smith*, 281 N. Y. 226; *Higgins* v. *Crouse*, 147 N. Y. 411; *Oaks* v. *Howell*, 27 How. Pr. 145; *Sprague* v. *Cochran*, 70 Hun, 512; 144 N. Y. 111; *Exkorn* v. *Exkorn*, 1 App. Div. 124.) There is no proof to support the trial court's finding that the original grantor and grantee made a mutual mistake. (*Bartholomew* v. *Mercantile Marine Ins. Co.*, 34 Hun, 263; 107 N. Y. 623; *Isaacs* v. *Schmuck*, 245 N. Y. 77; *Salomon* v. *North British & Mercantile Ins. Co.*, 215 N. Y. 214; *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y. 453; *Susquehanna Steamship Co.* v. *Anderson & Co.*, 239 N. Y. 285; *Matter of Case*, 214 N. Y. 199.) The plaintiff Weaver has no cause of action against the defendant. The trial court erred in not dismissing the complaint as to him. (*Herse* v. *Mazza*, 100 App. Div. 59.)

DESMOND, J. This action was brought in 1939 to reform a warranty deed given by plaintiff Mary L. Hart to defendant Mary Blabey, in 1912. Plaintiffs assert that the description in the deed is incomplete, that it does not correctly or sufficiently describe the property intended to be conveyed, and that the defendant is asserting title to more land than the deed was intended to cover. Defendant denies all this, and as a defense pleads that the ten-year statute of limitations has run against plaintiffs. The land lies along the shore of Thompson's lake in Albany county. Prior to the date of the deed, August 8, 1912, plaintiff Mary L. Hart's brother, the attorney who later drew the deed, went out to the property with defendant Mary Blabey, the intending purchaser, and pointed out to the latter the part which was to be sold and deeded to Mary Blabey. The attorney located on the ground a fixed starting point in a so-called " base line " along the lake

shore and then indicated to defendant the location of a line which was to be the southerly line of the latter's purchase and the dividing line between the land that was to go to her under the deed and the balance that was to be retained by plaintiff Mary L. Hart. This southerly line of the premises to be conveyed was intended, this attorney testified, to be a line running at approximately right angles with this base line on the west shore of Thompson's lake, back directly west to a private road. This attorney testified that he set stakes in the ground to mark that line. If, in the deed as later written out, this southern boundary line had been described as so pointed out and marked out there would be no dispute here, since the southerly boundary would then be sufficiently located as to termini and direction. But in the deed as actually drawn, the scrivener described the southerly boundary as running " from said [starting] point west to the easterly side of a private road." This description of the southern boundary of the land conveyed to defendant Blabey is obviously incomplete, since, while it definitely locates the eastern end of the southern boundary line, it fails to indicate the exact direction of that line or its length, and furnishes no description, or way of locating, its western terminus, somewhere along the private road. The attorney who pointed out the bounds of the property to defendant Mary Blabey and who later drew the deed, testified that he meant to describe the southern boundary as running " generally west " from the fixed point in the base line, at about a right angle to the base line. Defendant did not take the stand and produced no witnesses to deny any of this. Trial Term made findings that the deed was intended to convey a parcel of land bounded on the south by a line drawn at approximately right angles to the base line from the fixed point in the base line, and that the description as found in the deed was the result of a mutual mistake of the parties.

In 1925 plaintiff Mary L. Hart sold to plaintiffs Meineker the balance of the tract, lying south of the property con-

veyed to defendant by the 1912 deed, above referred to. In the 1925 deed to the Meinekers, their northern boundary was described in the same way as the faulty description of the Blabey southern boundary in the 1912 deed here sought to be reformed. In 1939 plaintiffs Meineker sold their property to plaintiff Harry A. Weaver. Meanwhile, however, it had become evident, in 1937, that defendant Blabey was claiming land to the south of what would be her southern boundary line as agreed upon in 1912. So, when plaintiffs Meineker conveyed to plaintiff Weaver in 1939, they, in that deed, gave warranties as to the undisputed part only and quitclaimed as to the part over which a dispute had arisen.

Trial Term, on sufficient proof, has found that plaintiff Mary L. Hart and the plaintiffs Meineker, as her grantees, were, from August 8, 1912, to the fall of 1937, " in exclusive possession and control and used and occupied " the property south of the line which the plaintiffs claim was agreed upon as the southern boundary of the plot conveyed to defendant. Also on sufficient proof, Trial Term has found that none of the plaintiffs had knowledge or notice until the fall of 1937 that defendant claimed the gore of land now disputed, and that defendant during all that time recognized that her premises did not extend south of a line drawn at about right angles to the base line on the shore of the lake. Trial Term held that the action was not barred by the statute of limitations, and judgment was entered, reforming the description in the 1912 deed to conform to the intention of the parties to that deed.

The Appellate Division reversed the judgment " upon the law and the facts " and dismissed the complaint, but did not specify or refer to, by number or otherwise, any particular question or questions of fact upon which the reversal was made. Accordingly, as commanded by the statute (Civ. Prac. Act, § 602) we must consider the reversal to be upon the law, and not upon the facts. There is no conflict in the evidence, and the reversal by the Appellate Division cannot stand unless there were errors of law at the Trial Term.

The case is a proper one for invoking the equitable remedy of reformation. " Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected." (*Born* v. *Schrenkeisen*, 110 N. Y. 55, 59.) " In such a case equity will conform the written instrument to the parol agreement which it was intended to embody." (*Pitcher* v. *Hennessey*, 48 N. Y. 415, 423.) Here it sufficiently appears that the parties agreed that the southern boundary of the Blabey land was to be a line running approximately at right angles to another line. Since the description in the deed did not conform to that agreement, equity will reform it. It need not be shown that the parties did not realize that inaccurate verbiage was used, nor need the language used be ambiguous. " Although the parties understood what language was contained in the deed, if they believed the description corresponded with the actual boundaries of the land intended to be conveyed, and were mistaken, the case for a reformation was made out." (*Bush* v. *Hicks*, 60 N. Y. 298, 302.)

The Appellate Division in its opinion held that the action was barred by the ten-year statute of limitations (Civ. Prac. Act, § 53) which, it said, runs from the time of the delivery of the deed, not from the time of discovery of the mistake, citing *Exkorn* v. *Exkorn* (1 App. Div. 124). We do not agree with this. Under the facts as found in this case we are of the opinion that the statute began to run not in 1912 when the deed was given, but in 1937, prior to which year, as found by Trial Term, the plaintiffs Hart and Meineker had been in undisputed possession of the gore of land here in litigation, and prior to which year, as similarly found by Trial Term, defendant had never made any claim to ownership of the piece now disputed. Ordinarily, of course, except in fraud cases, the running of the statute does not depend on discovery, but the present case is within a well recognized exception to the general rule. That exception may be stated thus: as to one who

is in possession of real property under an instrument of title, the statute never begins to run against his right to reform that instrument until he has notice of a claim adverse to his under the instrument, or until his possession is otherwise disturbed. " * * * when a party to whom land belongs in equity, is in possession and is afterwards evicted by one claiming a legal title, the statute does not begin to run until such eviction. A bill consequently may be filed at any time within ten years after the eviction." (*Bartlett* v. *Judd*, 21 N. Y. 200, 205.) " The owner of real property who is in possession thereof may wait until his possession is invaded or his title is attacked before taking steps to vindicate his right." (*Ford* v. *Clendenin*, 215 N. Y. 10, 17.) This rule is applicable to causes of action for reformation. (*Syms* v. *Mayor*, 50 N. Y. Super. Ct. [18 J. & S.] 289, 294; affd., 105 N. Y. 153; *DeForest* v. *Walters*, 153 N. Y. 229, 241; *Perrior* v. *Peck*, 39 App. Div. 390; affd., 167 N. Y. 582.)

The *Exkorn* case (*supra*) and others (*Sprague* v. *Cochran*, 70 Hun, 512; revd. on other grounds, 144 N. Y. 104; *Hoyt* v. *Putnam*, 39 Hun, 402, 406; *Oakes* v. *Howell*, 27 How. Pr. 145, 151) which are cited as holding that the statute begins to run from the delivery of the instrument and not from the discovery of the mistake, are all cases where the aggrieved party did not go into possession under the instrument. Thus they are governed by the general rule and do not come within the exception above described, applicable where there was possession under the faulty instrument. All the plaintiffs here are entitled to the benefit of that more lenient rule as to the running of the statute of limitations. Under the facts as found at Trial Term and by which we are bound, plaintiffs Hart and Meineker were in exclusive possession of the now disputed gore or triangle of land until 1937. Only then did the running of the statute begin. Plaintiff Weaver, who took title later, in 1939, did not go into possession of the disputed piece because defendant Blabey had meanwhile enclosed and occupied it, but plaintiff Weaver, by his deed, took all

the rights of the other plaintiffs, even though it was a quitclaim deed only as to the land involved here. All these plaintiffs were proper parties because of their privity of estate. (*Cramer* v. *Benton*, 60 Barb. 216, 226; affd., 56 N. Y. 638; *Mygatt* v. *Coe*, 147 N. Y. 456, 462; *Baird* v. *Erie R. R. Co.*, 210 N. Y. 225, 232.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.