ELWOOD WARD, Plaintiff, *v.* WALTER C. HEWITT, Defendant.

Supreme Court, Special Term, Suffolk County, October 24, 1949.

*Joseph Macaluso* for plaintiff.

*Percy Ingerman* for defendant.

COLDEN, J. This is an action to reform a written lease entered into on October 29, 1946, pursuant to which the defendant, as landlord, rented to the plaintiff, as tenant, the house and premises at 299 Main Street, Northport, Long Island. Said lease was for a month-to-month term commencing on November 1, 1946. The particular clause involved in this suit provided that if the tenant " shall use said premises or any part thereof, for any other purpose than conduct of a retail jewelry business  *  *  * the said party of the first part shall have the right at his election to terminate this lease  *  *  *." The plaintiff seeks to correct the lease to conform with the alleged actual agreement of the parties by including therein the right of the plaintiff to use the premises for the additional purpose of a residence for himself and his family. Such cause of action is based upon claimed mutual mistake or mistake on the part of the plaintiff, coupled with fraud on the defendant's side.

The defendant cites the case of *Amend* v. *Hurley* (293 N. Y. 587, 595), which defines the standard of proof in actions of this type: " Before defendant can be granted reformation, *he must establish his right to such relief by clear, positive and convincing evidence.* Reformation may not be granted upon a probability nor even upon a mere preponderance of evidence, but only upon a certainty of error. * * * In the absence of fraud, the mistake shown ' must be one made by both parties to the agreement so that the intentions of neither are expressed in it. ' "

The foregoing is the law of this State and thoroughly sound doctrine. In *Amend* v. *Hurley* (*supra*), the Court of Appeals denied reformation, upholding as a question of fact the determination of the trial court that there had been no oral agreement between the parties and that no credence could be given the defendant's claim that the final agreement did not express the true intention of the parties. The result would have been otherwise, however, had the quantum and quality of the proof satisfied the court as to the existence of these facts.

Where there is no mistake about the agreement and the mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener or of either party, no matter how it occurred, may be corrected. In such case equity will conform the written instrument to the parol agreement which it was intended to embody. (*Hart* v. *Blabery*, 287 N. Y. 257; *Born* v. *Schrenkeisen*, 110 N. Y. 55; *Pitcher* v. *Hennessey*, 48 N. Y. 415.)

The court finds that the evidence in this case reaches the level required by the Court of Appeals in *Amend* v. *Hurley* (293 N. Y. 587, *supra*); and that through mutual mistake of fact, plus a scrivener's error, the written lease did not contain the actual agreement of the parties. Both the plaintiff and his wife, Eileen Ward, prior to the signing of the lease, told the defendant of their intention to reside in the premises. Before they took possession of the house, a sink and gas range were installed by the defendant landlord, indicating a contemplated use of this house for domestic purposes. Most strongly, the landlord himself frankly admitted his understanding that the plaintiff and his wife were to reside in the premises. On page 32 of the stenographer's minutes he testified as follows:

" Q. Did you know that Mr. Ward had a family?

" A. I knew he had a wife and children.

" The Court: Did he disclose to you that they were going to live there?

" The Witness: That is right.

"The Court: You knew that?

"The Witness: Oh, yes.

"The Court: No question about that?

"The Witness: No question in the world about that."

Any further comment upon the evidence adduced is unnecessary.

The lease will be reformed so as to insert on the first page thereof, after the words "retail jewelry business", the additional phrase "or for residential purposes by the tenant and his family." No costs.

The foregoing constitutes the decision of this court in accordance with section 440 of the Civil Practice Act, and judgment should be settled accordingly on notice.