■ NORTH VILLAGE LIQUORS, INC., Respondent, v VASCOF REALTY CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered on May 25, 1978, affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur—Evans, Lane and Sullivan, JJ.

Birns, J. P., dissents in a memorandum as follows: I would reverse and grant defendant's motion for summary judgment dismissing the complaint and deny plaintiff's motion for partial summary judgment on the second cause of action. Plaintiff seeks (1) to set aside a conveyance of real property and (2) damages for breach of a provision in a lease between defendant-appellant as landlord and plaintiff's assignor as tenant, for premises 254 West 14th Street, New York City, where the tenant operates a liquor store. The lease, in pertinent part, provides: "Should the landlord during the term of this lease or any written agreed renewal thereof offer to sell said premises, the tenant shall have the first right of refusal of such offer. Such right shall extend for a period of 60 days after notice thereof is given in writing to the tenant by the landlord, and if not unconditionally accepted by the tenant within that time, such right shall expire and become null and void for all purposes. *This provision shall also apply to the entire parcel owned by the landlord on the southeast corner of 8th Ave. & 14th St."* (Emphasis added.) It is undisputed that the entire parcel consisted of four contiguous premises: 250, 252, 254 (the leased premises), and 256 West 14th Street. Plaintiff alleges that subsequent to the execution of the lease, defendant-appellant sold premises 250 and 252 to defendants Mendler without giving the tenant the right of first refusal and that such sale was violative of the afore-mentioned provision of the lease. Plaintiff claims the last sentence of the provision was added to allow plaintiff to buy any of the premises included in the parcel in order to enable the tenant to expand its liquor store, and that such was the intent of the parties. Defendant disputes this claim. The parties agree that the word "entire" employed in the last sentence of the provision is defined in leading dictionaries as "whole", "complete", "consisting of one piece", "undivided" (Webster's Third Dictionary, Unabridged; Random House Dictionary of the English Language, Unabridged; Webster's New Word Dictionary of the American Language; Black's Law Dictionary). The meaning of the word is, thus, unambiguous. The sentence in which it is used, "This provision shall also apply to the entire parcel owned by the landlord on the southeast corner of 8th Ave. & 14th St." likewise is unambiguous: the word "entire" limits the application of the sentence to the whole, complete, undivided parcel. In an effort to establish its claim, plaintiff seeks to interpret the sentence in which the word "entire" appears *so as* to apply to any of the parts (premises) of which

the parcel is comprised. Such interpretation is impermissible, in view of the express meaning of the word "entire". *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386-387; *Raleigh Assoc. v Henry,* 302 NY 467, 473; *Hotchkiss v National City Bank of N. Y.,* 200 F 287, 293, affd 201 F 664, affd *sub nom. National City Bank v Hotchkiss,* 231 US 50.) Perhaps the word and the sentence do not reflect the actual intent of the parties. If that is so, it is not because of ambiguity of the word or sentence, but rather because the parties' intent was improperly expressed. In those circumstances, it would appear that the appropriate procedure for plaintiff would be to seek reformation of the contract and if successful, to assert a cause of action on the contract as reformed *(Hart v Blabey,* 287 NY 257, 262; *MacDonald v Crissey,* 215 NY 609, 616; Selections from Williston's Treatise on the Law of Contracts [rev ed], § 610, p 482).