■ VIRGINIA TURSI, as Executrix of CHARLES W. HAAS, Deceased, Respondent, v ST. JOSEPH'S SANATORIUM, INC., et al., Appellants.—Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 9, 1986 in Sullivan County, upon a decision of the court, without a jury, in favor of plaintiff.

This matter involves a dispute over the extent of land conveyed to defendant St. Joseph's Sanatorium, Inc. (hereinafter defendant) by Charles W. Haas in 1917. Hass* brought this action seeking a reformation of the description contained in the deed conveying the property to defendant or, in the alternative, title to the disputed property through adverse possession. Supreme Court granted reformation of the deed,

---

* After trial but before Supreme Court rendered its decision, Haas died and, by order dated December 6, 1985, Virginia Tursi, as executrix of Haas' estate, was substituted as plaintiff in this action.

dismissed Haas' cause of action based on adverse possession, and dismissed defendant's answer which sought dismissal of the complaint for failure to meet the burden of proof and which raised affirmative defenses of Statute of Limitations and laches. Supreme Court found the 1917 deed to be imprecise. It describes boundaries, according to licensed surveyors, which would go on for infinity without meeting other points in the property. The description encompasses more than the 200-foot strip of land which Haas intended to convey to defendant.

The testimony indicated that in 1917, Haas conveyed to defendant a parcel of his land which was immediately adjacent to defendant's lake. Haas intended to convey to defendant only so much of his property, in parallel fashion, as extended 200 feet from the water's edge. He negotiated the sale to defendant with a Father Archesi who, according to Haas, represented defendant in the discussions relevant to the deeding of the property. Haas worked for defendant, albeit some time later, and knew that Archesi managed defendant's property. Defendant hired a surveyor to survey the contemplated conveyance. Haas' attorney prepared the deed and Haas and his wife signed it. Haas believed the description, which was couched in the language utilized in deeds, effected his intentions. He learned subsequently that Archesi had changed the description in the deed and that the description was unclear and ill-defined. Haas discussed with Archesi the possibility of executing a correction deed, and was advised that there was no one available from defendant to execute such a document. Haas continued to possess the disputed land without any outward claim by defendant until 1982. In 1982, Haas learned that defendant attempted to sell a portion of the disputed property. This action then ensued.

Haas testified that he and his family lived on the disputed land between 1917 and 1982 and that he farmed the land, exercising dominion over its entirety, except for the lakefront 200-foot strip. He grew crops on it until the 1950s, maintained a cattle herd which grazed on disputed parts of the property until 1962, posted the entire property for hunting until 1982, cut cord-wood from the property for many years and paid taxes on the disputed area.

Defendant contends that Haas' action for reformation is barred by the Statute of Limitations and by the doctrine of laches. Supreme Court found, however, that the instant facts place this action into an exceptional category and that, pursuant to the Court of Appeals holding in *Hart v Blabey* (287 NY 257, 263), the Statute of Limitations did not begin to run

against Haas' right to reform the instrument until he had notice of a claim adverse to his under the instrument, or until his possession was otherwise challenged. We concur with that holding.

The general rule in a reformation cause of action is that the six-year Statute of Limitations period commences to run when the mistake is committed (see, McLaughlin, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C213:6, at 328). Although the mistake occurred in 1917, Haas did not become aware of defendant's claim to the disputed property until 1982. Haas possessed and controlled the disputed property throughout this period. Defendant never challenged that possession until 1982. Thus, the holding of *Hart v Blabey* *(supra)* was properly applied to the instant facts.

Defendant's contentions of laches are also without merit. Haas was entitled to seek relief from the mistake within the applicable Statute of Limitations. Under the authority of *Hart v Blabey (supra)*, the action was timely commenced, and thus the laches defense fails.

Defendant urges that Haas failed to sustain his burden of proof for reformation since he introduced insufficient evidence concerning defendant's intent at the time of the execution of the 1917 deed, and that absent proof of defendant's intent, reformation is unavailable. We disagree. The mistake sought to be corrected here is the description of the deeded property. Haas does not seek to reform the agreement itself. Under such circumstances, the party seeking reformation is not required to show mutuality of mistake (see, 16 NY Jur 2d, Cancellation and Reformation of Instruments, § 44, at 348). It is sufficient if the true agreement of the parties can be established by clear and convincing evidence. Haas presented evidence, if believed, sufficient to sustain his burden of proof.

Accepting as we do Haas' right to relief under his first cause of action, we need not address the alternative cause of action based on adverse possession. We note, however, in passing, that the evidence before Supreme Court was sufficient to establish this cause of action as well. Haas proved that his possession was actual, hostile, under a claim of right, open and notorious, exclusive and continuous. He proved that he possessed the land continually for a 15-year period prior to the commencement of the action, as required by CPLR 212 (a).

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.