■ 1414 APF, LLC, Appellant, v DEER STAGS, INC., Respondent. [834 NYS2d 133]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered July 31, 2006, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, the second, third and fourth causes of action reinstated, and otherwise affirmed, without costs.

Defendant is a commercial tenant in plaintiff's building pursuant to a lease and amended lease entered into with plaintiff's predecessors in interest. In September 1999, plaintiff's predecessor and defendant entered into the first amended lease, which was, according to plaintiff, intended to (1) immediately add the 17th floor to defendant's lease and increase the rent to $251,280; (2) move defendant from its original space to the 16th floor on January 1, 2000, making the demised premises the entire 16th and 17th floors; (3) extend the lease term for 10 years and three months from the date defendant received delivery of the 16th floor, assuming the landlord was able to do so; and (4) increase defendant's annual rent to $265,240 for the final five years, three months of the new lease term.

Plaintiff's predecessor delivered the 17th floor to defendant immediately upon execution of the amended lease and delivered the 16th floor to defendant on or about January 1, 2000. Defendant began paying the increased rent of $251,280 on or about that date but refused to pay the increase to $265,240 in January 2005. Defendant relies on paragraph 4 (B) of the amended lease, which provides, in pertinent part, that rent of $265,240 becomes due "From the fifth (5th) anniversary of the Rent Adjustment Date," which is defined in the same paragraph as the fifth anniversary of the Substitution Space Adjustment Date (i.e., the date the 16th floor was delivered, January 1, 2000). Defendant thus argues that the increased rent is not yet due.

Plaintiff notes that paragraph 4 (A) (ii) of the lease required the increase rent to be paid "From the Rent Adjustment Date" and that the inclusion of the words "the fifth (5th) anniversary of the" Rent Adjustment Date was a scrivener's error.

When defendant continued to pay only the lower amount of rent, plaintiff commenced this action in March 2006, seeking (1) a declaratory judgment that defendant is obligated to pay rent at the rate of $265,240 per annum, from January 1, 2005 to the end of the lease term "by reason of the scrivener's error and/or mutual mistake of the parties"; (2) reformation of paragraph 4 (B) because of the scrivener's error; (3) money damages for the difference between the amount of rent paid and the amount owed; (4) attorneys' fees.

Defendant moved to dismiss on the ground that the action was barred by the statute of limitations (CPLR 213 [6]), which was granted because all of plaintiff's causes of action are "intrinsically intertwined to the same alleged 'scrivener's error' " and were barred by the six-year statute of limitations.

Plaintiff's first cause of action, while claiming to seek declaratory judgment as to the proper amount of rent for the period commencing January 1, 2005, essentially seeks reformation of the lease based upon mistake. The statute of limitations on a claim of reformation based upon mistake is six years, accruing on the date of the mistake (CPLR 213 [6]; *see National Amusements v South Bronx Dev. Corp.*, 253 AD2d 358 [1998]). This rule also applies to scrivener's errors (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547 [1995]). Although plaintiff argues that a two-year date of discovery accrual should apply here, we find that argument unpersuasive inasmuch as plaintiff presumably had the document containing the mistake in its possession and thus could not demonstrate the due diligence required pursuant to CPLR 203 (g) to toll the statute of limitations (*Federal Deposit Ins. Corp. v Five Star Mgt.*, 258 AD2d 15, 20 [1999]). The first cause of action was thus properly dismissed.

Plaintiff argues that its causes of action for declaratory judgment concerning the amount of rent owed by defendant, money damages for the difference in the amount of rent paid and the amount owed and counsel fees incurred as a result of defendant's default in payment sound in breach of contract. Plaintiff essentially contends that since the lease cannot be enforced as written, and that it is ambiguous and irreconcilable, court intervention is required to determine the intention of the parties so as to give meaning to the document. These causes of action would not be barred by the statute of limitations as the alleged breach did not occur until defendant failed to pay the increased rent purportedly due on January 1, 2005.

In those "limited instances where some absurdity has been identified or the contract would otherwise be unenforceable either in whole or in part," courts may interpret a document to carry out the intention of the parties "by transposing, rejecting, or supplying words to make the meaning of the contract more clear" (*Wallace*, 86 NY2d at 547-548). However, "[w]hether or not a contract provision is ambiguous is a question of law to be resolved by a court" (*Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191 [1986]).

The agreement here contains irreconcilable ambiguities. If plaintiff did not deliver the space on the 16th floor, then the rent increase would occur five years after the amended lease was executed and defendant received the "Added Space" (the 17th floor) that occurred upon execution of the amended lease. However, if plaintiff did deliver the "Substitution Space" (the 16th floor) along with the 17th floor, which occurred at the time of the execution of the amended lease, then the "Rent Adjustment Date" was five years after the "Substitution Space Adjustment Date," meaning five years after the delivery of the 16th floor. Therefore, defendant's rent would increase either five years after receiving the 17th floor, or ten years after receiving the 16th floor while already in possession of the 17th floor. In other words, defendant's rent would increase faster if it did not receive the new space on the 16th floor than if it did. Additionally, the lease appears not to require any rent at all for the five years from the "Rent Adjustment Date" to the fifth anniversary of that date.

Clearly, "by looking within the four corners of the document," we find a lease with ambiguities that would lead to an absurd result (*Matter of Stravinsky*, 4 AD3d 75, 81 [2003]). Since plaintiff's remaining causes of action seek to enforce the terms of the lease and sound in breach of contract, the noted ambiguities are sufficient to require court intervention to determine the intent of the parties. The motion should thus have been denied with respect to the second, third and fourth causes of action. Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.