■ Zebulon Taintor et al., Respondents, v Melinda Taintor, Appellant. [855 NYS2d 642]—

In an action, inter alia, to reform an agreement to sell an interest in a limited partnership, and to impose a constructive trust upon an interest in real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 28, 2007, as denied that branch of her cross motion which was for summary judgment dismissing the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's cross motion which was for summary judgment dismissing the complaint as time-barred is granted.

The parties to this action, Zebulon Taintor, Deborah Taintor Toll, and Melinda Taintor, are siblings. After the death of their father, the parties and their mother each owned one-quarter

interests in the family home located in Belle Terre (hereinafter the subject property), as joint tenants with the right of survivorship.

On October 1, 1994 the parties created Pine Path Partners, L.P., a limited partnership (hereinafter the partnership). As the general partner, Zebulon held a 34% interest in the partnership. Deborah and Melinda were limited partners, and each held a 33% interest. On the same date, the parties' mother conveyed her one-quarter interest in the subject property to the partnership by deed. The parties discussed transferring their respective interests in the subject property to the partnership, but no further action was taken and no deeds were ever executed by any of the parties.

On February 1, 1996 Melinda and Zebulon executed a purchase agreement (hereinafter the 1996 purchase agreement) pursuant to which Melinda conveyed her interest in the partnership to Zebulon. According to Zebulon, at the time of this transaction, they also intended to transfer Melinda's interest in the subject property to him. However, that was not done.

On September 12, 2002 Zebulon and Deborah commenced this action against Melinda seeking, among other things, reformation of the 1996 purchase agreement based upon mutual mistake, to reflect the parties' allegedly mutual understanding that Melinda conveyed her interest in the subject property at the time she conveyed her interest in the partnership to Zebulon. Alternatively, the plaintiffs sought the imposition of a constructive trust upon Melinda's interest in the subject property. The plaintiffs moved for summary judgment on the complaint and Melinda cross-moved, inter alia, for summary judgment dismissing the complaint on the ground that the action was time-barred. The Supreme Court denied both the motion and cross motion.

The Supreme Court should have granted that branch of Melinda's cross motion which was for summary judgment dismissing the complaint as time-barred. A cause of action seeking reformation of an instrument on the ground of mistake is governed by the six-year statute of limitations pursuant to CPLR 213 (6), which begins to run on the date the mistake was made (*see Amalgamated Dwellings v Hillman Hous. Corp.*, 299 AD2d 199 [2002]; *Ta Chun Wang v Chun Wong*, 163 AD2d 300, 301-302 [1990], *lv denied* 77 NY2d 804 [1991], *cert denied* 501 US 1252 [1991]). A cause of action for a constructive trust is governed by the six-year statute of limitations provided by CPLR 213 (1), which begins to run upon the occurrence of the allegedly wrongful act giving rise to a duty of restitution (*see*

*Soscia v Soscia,* 35 AD3d 841, 843 [2006]; *Ta Chun Wang v Chun Wong,* 163 AD2d at 302). Here, Melinda made a prima facie showing that the causes of action for reformation and for a constructive trust were time-barred, since they were interposed in September 2002, more than six years after the execution of the February 1, 1996 purchase agreement, which was when the alleged mistake or wrongful act occurred.

In opposition, the plaintiffs failed to raise a triable issue of fact. Among other things, they contend that their first notice that Melinda continued to assert an interest in the subject property arose on October 12, 2002. Assuming that a date of discovery is relevant in this context (*see* CPLR 203 [g]), the plaintiffs unquestionably were on notice as of February 1, 1996, the date that Melinda transferred her interest in the partnership, that she had not transferred her interest in the subject property. Thus, they cannot demonstrate the due diligence required under CPLR 203 (g) to toll the statute of limitations (*see 1414 APF, LLC v Deer Stags, Inc.,* 39 AD3d 329, 330 [2007]). Furthermore, the plaintiffs' contention regarding the date they discovered their alleged mistake is belied by their commencement of this action one month earlier.

The parties' remaining contentions either are without merit, or have been rendered academic in light of our determination. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.