In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered January 31, 2011, as granted that branch of the motion of the defendant Bank of America, N.A., which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
This action arises from the cancellation of a contract for the sale of real property between the plaintiff and the defendant Impressive Homes, Inc. On or about March 5, 2004, together with the summons and verified complaint, the plaintiff filed a notice of pendency with the Queens County Clerk against the subject property known as Block 1742, Lot 49, on the Tax Map of Queens County. Due to a clerical error, the notice of pendency was filed but was not indexed against the property at the time. Thereafter, the property was bought and sold and various mortgages were granted and recorded against the property. Approximately three years after the action was commenced and the notice of pendency was initially filed, the plaintiff moved to extend the notice of pendency and discovered that it had never been indexed against the property by the Clerk. Soon thereafter, the Queens County Clerk remedied the error and indexed the notice of pendency against the property. The plaintiff thereafter amended his complaint to name the various subsequent purchasers and encumbrancers of the property.
*1273 The defendant Bank of America, N.A. (hereinafter BOA), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and argued that it was a bona fide encumbrancer for value without notice, actual or constructive, of the plaintiff’s claim. Since the notice of pendency was not indexed against the property, BOA could not, in the exercise of due diligence, have discovered the plaintiffs claim. The Supreme Court agreed and, inter alia, held that the unindexed notice of pendency could not have put BOA on constructive notice of the claim.
An error in indexing a notice of pendency prevents a record of that instrument from constituting constructive notice from the time that the notice of pendency is filed through the period that the indexing error remains uncorrected. While a subsequent conveyance or encumbrance that is recorded after the filing of the notice of pendency is bound by all proceedings taken in an action, the notice of pendency must be indexed in a block index in order for the notice of pendency to afford constructive notice of the instrument (see CPLR 6501; V & D Realty USA Corp. v Mitso Group, 240 AD2d 562 [1997]; Baccari v De Santi, 70 AD2d 198, 202 [1979]; Real Property Law § 316; County Law § 919 [1]
Q])-
Here, it is undisputed that BOA did not have actual notice of the plaintiffs claim. Moreover, BOA did not have any constructive notice of the claim since the notice of pendency was not indexed against the subject property at the time that BOA encumbered it.
Accordingly, BOA’s mortgage was not subject to the plaintiffs claim and, therefore, the Supreme Court properly granted that branch of BOA’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P, Eng, Lott and Cohen, JJ., concur. [Prior Case History: 2011 NY Slip Op 30186(U).]