■ STEVE JOHNSON, Appellant, v PAUL G. BRODER, Respondent, et al., Defendant. [977 NYS2d 291]—

In an action to reform a deed, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 12, 2012, as granted that branch of the motion of the defendant Paul G. Broder which was for summary judgment dismissing, as time-barred, so much of the complaint insofar as asserted against him as was predicated upon an alleged mutual mistake.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A cause of action seeking reformation of an instrument on the ground of mistake is governed by the six-year statute of limitations pursuant to CPLR 213 (6), which begins to run on the date the mistake was made" (*Taintor v Taintor*, 50 AD3d 887, 888 [2008]). In this case, the defendant Paul G. Broder established his prima facie entitlement to judgment as a matter of law dismissing, as time-barred, so much of the complaint insofar as asserted against him as was predicated upon an alleged mutual mistake by submitting evidence that the alleged mistake occurred in 1979 and the plaintiff did not commence this action until 2011 (*see id.* at 889). In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Hart v Blabey*, 287 NY 257, 262-263 [1942]).

The plaintiff, in his notice of appeal, limited the scope of his appeal to so much of the order as granted that branch of Broder's motion which was for summary judgment dismissing, as time-barred, so much of the complaint insofar as asserted against him as was predicated upon an alleged mutual mistake. Thus, the plaintiff's contention on appeal that the Supreme Court improperly denied his cross motion is not properly before this Court (*see* CPLR 5515 [1]; *Hatem v Hatem*, 83 AD3d 663 [2011]). Rivera, J.P., Hall, Roman and Miller, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31926(U).]**