■ SERAFIN N. LOPEZ, Appellant, v SERAFIN LOPEZ et al., Respondents, et al., Defendants. [20 NYS3d 134]—

In an action, in effect, for a judgment declaring that the plaintiff has a one-half interest in certain real property, that a certain deed dated August 8, 2005, is reformed to reflect that interest, and that a certain deed dated October 22, 2012, is void, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Schmidt, J.), dated December 27, 2013, as granted the motion of the defendants Serafin Lopez, Juan Garcia, doing business as Spanish American Grocery, also known as Lopez Grocery Store, and Jennifer Garcia, doing business as the Law Offices of Jennifer Garcia, for summary judgment dismissing the complaint as time-barred, and declared that the deed dated August 8, 2005, "is not reformed," and that the deed dated October 22, 2012, "is not void."

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof declaring that the deed dated August 8, 2005, "is not reformed," and that the deed dated October 22, 2012, "is not void"; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the defendants Serafin Lopez, Juan Garcia, doing business as

Spanish American Grocery, also known as Lopez Grocery Store, and Jennifer Garcia, doing business as the Law Offices of Jennifer Garcia.

This action involves a dispute regarding title to real property located at 4330 New Utrecht Avenue in Brooklyn (hereinafter the subject property). On August 8, 2005, the defendant Serafin Lopez (hereinafter Lopez), on behalf of the defendant 4330 New Utrecht Ave. Corp. (hereinafter 4330 Corp.), of which he was the sole shareholder, executed a deed purportedly transferring title to the subject property to himself and his son, the plaintiff, Serafin N. Lopez (hereinafter the plaintiff). However, at that time, the property was actually owned by the defendant 4326 New Utrecht Ave. Corp. (hereinafter 4326 Corp.), another entity operated by Lopez. On October 22, 2012, Lopez executed a deed purportedly transferring title to the subject property from 4326 Corp. to himself.

In February 2013, the plaintiff commenced this action, in effect, for a judgment declaring, inter alia, that he has a one-half interest in the subject property, that the deed dated October 22, 2012, is void, and that the deed dated August 8, 2005, purportedly transferring title to the subject property from 4330 Corp. to the plaintiff and Lopez was the result of a scrivener's error and should have reflected the transfer of title from 4326 Corp. to the plaintiff and Lopez, and to reform the deed accordingly. Thereafter, the defendants Lopez, Juan Garcia, doing business as Spanish American Grocery, also known as Lopez Grocery Store, and Jennifer Garcia, doing business as the Law Offices of Jennifer Garcia (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint as time-barred. In support of the motion, the defendants argued that the action was time-barred because it was not commenced within six years of the alleged scrivener's error on August 8, 2005, as required by CPLR 213 (6). In an order and judgment dated December 27, 2013, the Supreme Court, among other things, granted the defendants' motion and declared that the deed dated August 8, 2005, "is not reformed" and that a deed dated October 20, 2012, "is not void."

A cause of action seeking reformation of an instrument on the ground of mistake, including an alleged scrivener's error, is governed by the six-year statute of limitations pursuant to CPLR 213 (6), which begins to run on the date the mistake was made (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547 [1995]; *Johnson v Broder*, 112 AD3d 788, 788 [2013]; *Federal Deposit Ins. Corp. v Five Star Mgt.*, 258 AD2d 15, 20 [1999]). However, "a well-recognized exception exists 'as to *one*

*who is in possession of real property under an instrument of title,'* whereby the statute of limitations 'never begins to run against his [or her] right to reform that instrument until he [or she] has notice of a claim adverse to his [or hers] under the instrument, or until his [or her] possession is otherwise disturbed' " (*Pulver v Dougherty*, 58 AD3d 978, 979 [2009] [citation omitted and emphasis added], quoting *Hart v Blabey*, 287 NY 257, 262-263 [1942]; *see Schlotthauer v Sanders*, 153 AD2d 731, 733 [1989]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the alleged scrivener's error occurred on August 8, 2005, and that the plaintiff did not commence this action until February 2013, more than six years after the alleged mistake (*see Johnson v Broder*, 112 AD3d at 788; *Taintor v Taintor*, 50 AD3d 887, 888 [2008]; *Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d 1199, 1200 [2008]). In opposition, the plaintiff failed to raise a question of fact as to the applicability of the exception to the statute of limitations based on his alleged "possession of real property under an instrument of title" (*Hart v Blabey*, 287 NY at 263; *see Pulver v Dougherty*, 58 AD3d 978 [2009]). The plaintiff failed to submit any evidence with respect to whether or when he was in possession of the subject property.

The parties' remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint as time-barred. However, since the court did not make any determination on the merits with respect to the allegations raised in the complaint, it should not have declared that the deed dated August 8, 2005, "is not reformed," and that the deed dated October 22, 2012, "is not void." Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.