■ BELTWAY CAPITAL, LLC, Appellant, v VIRGINIA GUTIERREZ et al., Defendants, and JAMES BIANCO et al., Intervenors-Respondents. [35 NYS3d 164]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered September 24, 2014, which denied its motion pursuant to CPLR 2001 to amend the notice of pendency, judgment of foreclosure and sale, and all other documents in the action, nunc pro tunc, to correct the legal description of the foreclosed property.

Ordered that the order is reversed, on the law, with costs, and the motion pursuant to CPLR 2001 is granted.

After a judgment of foreclosure and sale was entered on March 14, 2011, and the foreclosure sale held on June 7, 2011, the plaintiff moved pursuant to CPLR 2001 to correct the notice of pendency filed on March 7, 2008, the judgment of foreclosure and sale, and all other documents in the foreclosure action, nunc pro tunc, because the legal description of the foreclosed property referenced an incorrect tax description with respect to the lots. The incorrect tax description provided in the documents was section 32, block 499, lot 121, whereas the correct tax description for the foreclosed property was section 32, block 499, lots 121 and 123.

The Supreme Court erred in denying the plaintiff's motion pursuant to CPLR 2001 (*cf. Wells Fargo Bank, NA v Gonsalves*, 44 Misc 3d 531, 535 [2014]). "CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]; *see Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760, 761 [2015]). Prejudice can be considered in determining whether a mistake in indexing a notice of pendency can be disregarded under CPLR 2001 (*see Wells Fargo Bank, NA v Gonsalves*, 44 Misc 3d at 536). Here, however, given the respondents' actual knowledge of the notice of pendency and the foreclosure proceeding, they cannot claim that they would be prejudiced by disregarding the omission of lot 123 from the description of the property on the documents (*see Stephens v Snitow*, 95 AD2d 806, 807 [1983]; *cf. Del Pozo v Impressive Homes, Inc.*, 95 AD3d 1272, 1273 [2012]). Accordingly, the Supreme Court should have granted the plaintiff's motion to amend the notice of pendency, judgment of foreclosure and sale, and all other documents in the action, nunc pro tunc, to correct the legal description of the foreclosed property. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.