Rely-On-Us, Inc. v Torres (2018 NY Slip Op 06583)





Rely-On-Us, Inc. v Torres


2018 NY Slip Op 06583


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-02337
 (Index No. 501482/15)

[*1]Rely-On-Us, Inc., appellant, 
v
Antonio Torres, et al., respondents, et al., defendants.


Michael M. Premisler, Carle Place, NY, for appellant.
John J. Leen, White Plains, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated January 22, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Antonio Torres and Carmen Torres which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and denied the plaintiff's cross motion, inter alia, for leave to amend the complaint and to reform the note.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Rely-On-Us, Inc., commenced this action, inter alia, to foreclose a mortgage and to reform a note and mortgage. The factual and procedural background is set forth more fully in this Court's decision and order on a related appeal (see Torres v Rely On Us, Inc., _____ AD3d_____ [decided herewith]). As pertinent to this appeal, the defendants Antonio Torres and Carmen Torres (hereinafter together the defendants) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and the plaintiff cross-moved, inter alia, for leave to amend the complaint and to reform the note. In an order dated January 22, 2016, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and denied the plaintiff's cross motion. The plaintiff appeals.
Contrary to the plaintiff's contention, although a dismissal for lack of capacity to sue is not a dismissal on the merits (see Matter of United Envtl. Techniques v State of N.Y. Dept. of Health, 88 NY2d 824, 825; Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033), "[a] judgment of default which has not been vacated is conclusive for res judicata purposes, and encompasses the issues which were raised or could have been raised in the prior action" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754; see Albanez v Charles, 134 AD3d 657, 658; 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 585; Martins v Wood, 251 AD2d 465). Consequently, the dismissal, on default, of a prior action to foreclose the mortgage, as well as the default judgment taken in the action pursuant to RPAPL 1501(4) (see Torres v Rely On Us, Inc., _____ AD3d _____ [decided herewith]), bar the plaintiff's cause of action to foreclose the mortgage (see Trisingh Enters. v Kessler, 249 AD2d 45).
Further, "[a] cause of action seeking reformation of an instrument on the ground of mistake, including an alleged scrivener's error, is governed by the six-year statute of limitations pursuant to CPLR 213(6), which begins to run on the date the mistake was made" (Lopez v Lopez, 133 AD3d 722, 723; see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 547). Here, the cause of action seeking reformation is time-barred since the note, including the alleged scrivener's error regarding the lender's name, was made in 2006, yet the plaintiff commenced this action in 2015. Moreover, under the circumstances of this case, absent reformation of the note, the plaintiff cannot recover on the note (see UCC 3-202[1]; 3-301).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and to deny the plaintiff's cross motion, inter alia, for leave to amend the complaint and to reform the note.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court