Investors Sav. Bank v Cover (2020 NY Slip Op 05729)





Investors Sav. Bank v Cover


2020 NY Slip Op 05729


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-14166 
2018-14167
 (Index No. 8629/14)

[*1]Investors Savings Bank, respondent,
v
Grace R. Cover, et al., appellants, et al., defendants.


The Law Offices of Mark J. Friedman, P.C., Syosset, NY (Thomas J. Frank of counsel), for appellants.
Frenkel Lambert Weiss Weisman & Gordon, Bayshore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Grace R. Cover and Kevin A. Cover appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered May 8, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Grace R. Cover and Kevin A. Cover, to strike their answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the second cause of action to reform the mortgage, and substituting therefor provisions denying those branches of the motion, and, upon searching the record, awarding the defendants Grace R. Cover and Kevin A. Cover summary judgment dismissing, as time-barred, the second cause of action, which sought to reform the mortgage; as so modified, the orders are affirmed insofar as appealed from, without costs or disbursements.
On July 10, 2008, the defendants Grace R. Cover and Kevin A. Cover (hereinafter together the defendants) executed a promissory note and mortgage on real property located in the Village of Laurel Hollow. The mortgage employed two methods for physically describing the real property; specifically, by reference to the block and lot number on a certain map filed in the Office of the Clerk of Nassau County on September 15, 1979, and by a metes and bounds description.
On September 4, 2014, the plaintiff commenced this action against the defendants, among others, seeking, in the first cause of action, to foreclose the mortgage, and, in the second cause of action, to reform the mortgage to correct an alleged error in the metes and bounds description of the property. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order entered May 8, 2018, the Supreme Court granted the plaintiff's motion. In a second order entered on the same date, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. The defendants appeal from both orders.
Contrary to the defendants' contention, the plaintiff demonstrated, prima facie, that the notices served upon them pursuant to RPAPL 1304 contained a list of at least five housing counseling agencies that served "the region where [they] reside[d]," as required by the version of RPAPL 1304 in effect at the time the action was commenced (RPAPL former 1304[2]; see L 2009, ch 507, § 1-a [eff Jan. 14, 2010]; BAC Home Loans Servicing, L.P. v Chertov, 165 AD3d 1214, 1216), and the defendants failed to raise a triable issue of fact. Accordingly, the plaintiff was entitled to summary judgment on its first cause of action.
However, the second cause of action, seeking to reform that part of the description of the property in the mortgage which reflected the parcel's metes and bounds, should have been dismissed as time-barred. A cause of action seeking reformation of an instrument on the ground of mistake is governed by the six-year statute of limitations pursuant to CPLR 213(6), which begins to run on the date the mistake was made (see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 547; Taintor v Taintor, 50 AD3d 887, 888). Here, the mortgage containing the allegedly erroneous metes and bounds description of the subject property was executed on July 10, 2008, more than six years prior to commencement of the action (see Matter of Wallace v 600 Partners Co., 86 NY2d at 547). Further, the plaintiff, which has been the assignee of the mortgage since the date of its execution, does not claim that the second cause of action was commenced within two years of discovery of the alleged error and therefore was timely under CPLR 203(g)(1) (cf. Green Tree Servicing, LLC v Molini, 171 AD3d 880, 882; cf. also Taintor v Taintor, 50 AD3d at 888-889; 1414 APF, LLC v Deer Stags, Inc., 39 AD3d 329, 330; Federal Deposit Ins. Corp. v Five Star Mgt., 258 AD2d 15, 20). Indeed, the plaintiff never alleged when the mistake was discovered. Thus, upon searching the record, we award the defendants summary judgment dismissing, as time-barred, the second cause of action insofar as asserted against them.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court