Wells Fargo Bank, N.A. v Green (2024 NY Slip Op 02554)

Wells Fargo Bank, N.A. v Green

2024 NY Slip Op 02554

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-14122
 (Index No. 7693/15)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Malik Green, et al., respondents, et al., defendants.

Dorf & Nelson, Rye, NY (Jonathan B. Nelson of counsel), for appellant.
Feldman Kramer Monaco, Hauppauge, NY (Joseph A. Solow of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated August 19, 2019. The order granted that branch of the cross-motion of the defendants Malik Green and Sylvia Green which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and denied, as academic, the plaintiff's motion for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed, with costs.
In May 2015, the plaintiff commenced this action against the defendants Malik Green and Sylvia Green (hereinafter together the defendants), among others, pursuant to RPAPL article 15 to quiet title and for related declaratory relief in connection with a purported mortgage on certain real property located in Suffolk County (hereinafter the property). The plaintiff alleged, among other things, that Malik Green was inadvertently omitted as a borrower under the mortgage as a result of the mutual mistake of the parties to the mortgage. The plaintiff also sought a declaration that the mortgage is a first priority lien encumbering the entirety of the property based upon the application of the doctrines of equitable subrogation and/or equitable mortgage.
The defendants interposed an answer, in which they asserted, among other things, various affirmative defenses, including the expiration of the statute of limitations. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. In an order dated August 19, 2019, the Supreme Court granted that branch of the defendants' cross-motion and denied the plaintiff's motion as academic. The plaintiff appeals. We affirm.
"A cause of action seeking reformation of an instrument on the ground of mistake is governed by the six-year statute of limitations pursuant to CPLR 213(6), which begins to run on the date the mistake was made" (Johnson v Broder, 112 AD3d 788, 788 [internal quotation marks omitted]). A cause of action seeking to establish a lien pursuant to the doctrine of equitable mortgage or the doctrine of equitable subrogation is also governed by a six-year statute of limitations [*2](see CPLR 213[1]; see also Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670).
Under the circumstances of this case, the causes of action pursuant to the doctrines of equitable subrogation and equitable mortgage accrued no later than when the subject mortgage and note were recorded in 2008 (see HSBC Bank USA, N.A. v Parker, 180 AD3d 1026, 1029; U.S. Bank N.A. v Salem, 164 AD3d 1289, 1290; Wells Fargo Bank, N.A. v Burke, 155 AD3d at 670). Here, since the plaintiff did not commence this action until more than six years later, the defendants sustained their initial burden of demonstrating, prima facie, that this action is time-barred (see Everhome Mtge. Co. v Aber, 195 AD3d 682, 684, affd 39 NY3d 949).
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable or whether the plaintiff actually commenced this action within the applicable limitations period (see HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 61).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and properly denied, as academic, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court