Bank of N.Y. Mellon Corp. v Kamal (2025 NY Slip Op 04862)

Bank of N.Y. Mellon Corp. v Kamal

2025 NY Slip Op 04862

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-08314
 (Index No. 10227/14)

[*1]Bank of New York Mellon Corporation, etc., respondent, 
v
Nazia Kamal, appellant, et al., defendants.

David J. Broderick, LLC, Forest Hills, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Phionah N. Brown and Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nazia Kamal appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 19, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 2001 to amend the notice of pendency, order and judgment of foreclosure and sale (one paper), and pleadings, nunc pro tunc, to correct the street address of the subject property, and denied that branch of the cross-motion of the defendant Nazia Kamal which was pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 6, 2006, the defendant Nazia Kamal (hereinafter the defendant) executed a note in favor of Countrywide Bank, N.A. (hereinafter Countrywide), secured by a mortgage on certain real property located in Nassau County. The mortgage agreement properly described the property as "Lots 80, 81 and 82, in Block 6 on a certain map entitled, 'Amended Map of Crestwood, Section 1, situate at Farmingdale, Nassau County, L.I., N.Y., Roswell S. Baylis, C. E., Huntington, L.I., N.Y.' and filed in the Nassau County Clerk's Office on April 20, 1926 as Map No. 601, New Number 3619," but contained an incorrect street address for the property. On October 24, 2014, the plaintiff, Countrywide's successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. Schedule A to the complaint contained the same legal description of the property contained in the mortgage agreement.
After an order and judgment of foreclosure and sale was entered on October 5, 2017, the plaintiff moved, inter alia, in effect, pursuant to CPLR 2001 to amend the notice of pendency, order and judgment of foreclosure and sale, and pleadings, nunc pro tunc, to correct the street address of the property. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale. In an order entered July 19, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied that branch of the defendant's cross-motion. The defendant appeals.
CPLR 2001 provides that, "[a]t any stage of an action, . . . the court may permit a [*2]mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." "[W]hen there is a discrepancy between the legal address and the legal description of a piece of property, the legal description controls" (SRP 2012-5, LLC v Corrao, 167 AD3d 798, 799; see Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d 186, 190).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 2001 to amend the notice of pendency, order and judgment of foreclosure and sale, and pleadings, nunc pro tunc, to correct the street address of the property (see Beltway Capital, LLC v Gutierrez, 140 AD3d 998, 999). The defendant does not dispute that the legal description of the property, which properly reflects the parcel's metes and bounds, is correct (cf. Investors Sav. Bank v Cover, 187 AD3d 868, 869).
The Supreme Court also properly denied that branch of the defendant's cross-motion which was pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale. "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time" (Empire State Conglomerates v Mahbur, 105 AD3d 898, 899). Under the circumstances of this case, the defendant's delay of five years in moving to vacate the order and judgment of foreclosure and sale was unreasonable (see U.S. Bank N.A. v Swanson, 189 AD3d 1642, 1643; Bank of N.Y. v Stradford, 55 AD3d 765).
The defendant's remaining contentions are without merit.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court