■ ROBERT SINDELAR, Respondent, v CRAIG R. FRITZSCH et al., Appellants.—Mercure, J. Appeal from an amended order of the Supreme Court (Swartwood, J.), entered May 16, 1990 in Chemung County, which, *inter alia,* granted plaintiff's motion for summary judgment in lieu of complaint.

By written agreement, plaintiff agreed to sell defendants the inventory of his Radio Shack store for $33,069.22. The transaction closed on January 10, 1989, at which time defendants paid plaintiff $15,000 in cash and gave their promissory note for $18,069.22, payable April 10, 1989, with interest at the rate of 16%. Upon defendants' default in the payment of principal and interest, plaintiff brought this motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Defendants opposed the motion by service of an answer, which generally denied the allegations of plaintiff's affidavit in support of the motion and pleaded seven counterclaims containing various allegations of breach of contract, fraudulent inducement and failure of consideration. Following plaintiff's submission of a reply affidavit, Supreme Court severed defendants' counterclaims and granted the motion, authorizing the entry of judgment in favor of plaintiff for the full amount of the note, interest up to the time of judgment at the rate of 16%, costs and disbursements. Defendants appeal.

The principal contentions advanced by defendants are devoid of merit and warrant only brief discussion. Initially, we agree with Supreme Court's grant of summary judgment in favor of plaintiff. Defendants opposed plaintiff's prima facie showing with nothing more than a disjointed series of conclusory or irrelevant allegations, falling far short of their burden of coming forward with admissible evidence raising a triable issue of fact relative to a bona fide defense (see, Hackensack Cars v Beverly, 140 AD2d 254, lv dismissed 72 NY2d 1041; Grasso v Shutts Agency, 132 AD2d 768, appeal dismissed 70 NY2d 797). Further, Supreme Court acted within its discretion in accepting and considering plaintiff's postargument submission (see, CPLR 2214 [c]). Finally, on this record we perceive no basis for disqualification of plaintiff's attorney.

We agree, however, with defendants' contention that Supreme Court erred in awarding interest at the rate of 16% up to the time of judgment. Unless it provides otherwise, interest on an instrument runs at the legal rate from the date of accrual of a cause of action on the instrument (see, UCC 3-122 [4] [b]), the day after maturity in the case of a time instrument (see, UCC 3-122 [1] [a]). Here, the note made no specific provision for the rate of interest to be charged following maturity (see, UCC 3-122 [4] [b]). Thus, interest should have been computed from January 10, 1989 to April 10, 1989 at the rate of 16%, as provided in the note, and thereafter at the legal rate (see, Metropolitan Sav. Bank v Tuttle, 290 NY 497, 500; Isaias v Fischoff, 39 AD2d 850, affd 33 NY2d 941).

Amended order modified, on the law, without costs, by providing that plaintiff is entitled to receive interest from April 11, 1989 to the entry of judgment at the rate of 9%, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.