■ TOWN OF ORANGETOWN, Appellant, v JOHN F. MAGEE et al., Respondents. [626 NYS2d 511] —In an action for an injunction directing the defendants to remove a temporary building from their property, the plaintiff appeals (1) from a decision of the Supreme Court, Rockland County (Stolarik, J.), dated December 23, 1992, which, after a nonjury trial on the issue of liability on the defendants' counterclaims for reinstatement of their building permit and for a violation of 42 USC § 1983, determined those issues in the defendants' favor, (2) from a judgment of the same court, dated December 27, 1993, which, after a nonjury trial on the issue of damages on the defendants' counterclaims, is in favor of the defendants and against it, *inter alia,* directing the plaintiff to reinstate the defendants' building permit and awarding the defendants damages in the total sum of $5,137,126, and (3) from a judgment of the same court, also dated December 27, 1993, which is in favor of the defendants and against it awarding interim attorneys' fees and costs pursuant to 42 USC § 1988.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment dated December 27, 1993, which, *inter alia,* awarded damages to the defendants, is affirmed; and it is further,

Ordered that the judgment dated December 27, 1993, which, *inter alia,* awarded the defendants interim attorneys' fees and costs is modified by deleting the provision thereof awarding the sum of $263,608.20 as and for interim attorneys' fees; as so modified the judgment is affirmed and the matter is remitted to the Supreme Court, Rockland County, to recalculate the award of interim attorneys' fees in accordance herewith; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendants obtained a building permit to construct a commercial building on property they own in the Town of

Orangetown (hereinafter the Town). Although the building permit was limited to excavation and the construction of the footings and the foundation, the evidence established that the defendants would have been permitted to construct the entire building pursuant to the permit as long as their subsequent plans for the walls, ceilings, and electrical wiring comported with the plans for the building already approved by the Town's Building Inspector.

After obtaining the permit, the defendants invested a substantial amount of money and time into the property. Community residents commenced a campaign to prevent the defendants from completing the construction of the building. As a result of this community protest, the Town Supervisor, at a Town Board meeting, directed the Building Inspector to revoke the defendants' building permit. Thereafter, the Building Inspector revoked the building permit on grounds which were not supported by any provision of the Town's Zoning Code.

The Town then commenced the present action seeking an order directing the defendants to remove a temporary building from their property. The defendants asserted counterclaims, *inter alia,* for reinstatement of the building permit and for damages pursuant to 42 USC § 1983, alleging that the Town's actions amounted to a deprivation of substantive due process. After bifurcated nonjury trials on liability and damages, the trial court entered a judgment in favor of the defendants on their counterclaims.

The Town is equitably estopped from asserting that the defendants' claim pursuant to 42 USC § 1983 is not ripe for review on the ground that the defendants failed to appeal the revocation of their building permit to the Town's Zoning Board of Appeals. "[W]here a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). In the present case, the record establishes that the conduct of the Building Inspector prevented the defendants from appealing the revocation of their building permit.

The trial court's finding that the revocation of the building permit deprived the defendants of substantive due process in violation of 42 USC § 1983 is supported by the record. A property owner is denied substantive due process when a

governmental decision affecting his or her property has been made in an arbitrary and capricious manner, and "without any rational basis" *(see, Greenbriar, Ltd. v City of Alabaster,* 881 F2d 1570; *Spence v Zimmerman,* 873 F2d 256, 258; *Bello v Walker,* 840 F2d 1124, 1129, *cert denied* 488 US 851, 868). Contrary to the Town's contention, the defendants had a protectible property interest in the building permit. The permit was legally issued, the defendants had made substantial improvements and incurred substantial expenses in reliance on the issued permit, and the permit was illegally revoked *(see, Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408; *Matter of Temkin v Karagheuzoff,* 34 NY2d 324).

The record establishes that the illegal revocation of the building permit was not the result of a good faith mistake regarding the applicable local law *(cf., Brady v Town of Colchester,* 863 F2d 205, 216; *Coniston Corp. v Village of Hoffman Estates,* 844 F2d 461, 467), nor was the permit revoked because the defendants' building would harm the community in some manner *(cf., Greenbriar, Ltd. v City of Alabaster,* 881 F2d 1570, *supra; Pace Resources v Shrewsbury Twp.,* 808 F2d 1023). Rather, the defendants' building permit was revoked solely as the result of general community protest. Accordingly, under the circumstances of this case, the revocation was arbitrary and irrational *(cf., Scott v Greenville County,* 716 F2d 1409).

The trial court's award of damages to the defendants for the Town's violation of 42 USC § 1983 was not excessive. On appeal, the Town is estopped from challenging the trial court's use of a certain formula to ascertain damages insofar as the parties stipulated at trial that the trial court could use the formula. Moreover, we find no error in the trial court's application of the formula to the present case.

Since the court correctly found the Town liable under 42 USC § 1983, it was empowered to award attorneys' fees and costs pursuant to 42 USC § 1988. The Town, however, correctly contends that the award of attorneys' fees was excessive. "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it" *(Johnson v Georgia Highway Exp.,* 488 F2d 714, 717; *see also, Matter of Rahmey v Blum,* 95

AD2d 294, 301). Accordingly, the trial court erred in awarding the defendants attorneys' fees for all the work of their attorneys at the rate they charged for legal work. Instead, the trial court should have awarded the defendants the going market rate for a paralegal for the nonlegal work performed by their attorneys, which included the service of subpoenas and an order to show cause, the organization of exhibits, and the purchase of an index number.

The Town's remaining contentions are either waived or without merit. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur. [As amended by order entered Aug. 21, 1995. *See,* — AD2d —.]