■ JOHN JAKACIC, Respondent-Appellant, v MLADEN JAKACIC, Appellant-Respondent. [719 NYS2d 675] —In an action, *inter alia,* to impose a constructive trust on real property, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Thomas, J.), dated October 18, 1999, which, after a nonjury trial, *inter alia,* awarded the plaintiff the principal sum of $30,000 based on a loan he made to the defendant in August 1987, and the

principal sum of $86,260.76 based on a loan he made to the defendant in 1991, and calculated the interest thereon, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the judgment as, in effect, dismissed his causes of action to impose constructive trusts on certain real property located in Bayside, Queens County, and Southold, Suffolk County.

Ordered that the judgment is modified, on the law, by (1) deleting the provisions thereof awarding interest on the principal sums of $30,000 and $86,260.76, and (2) deleting the provision thereof, in effect, dismissing the plaintiff's cause of action to impose a constructive trust on the property in Bayside; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the cause of action to impose a constructive trust on the Bayside house and a recalculation of the interest to be awarded on the principal sums of $30,000 and $86,260.76.

In 1988, the plaintiff father transferred title to his Bayside house to the defendant son. Approximately nine years later, the plaintiff brought this action, *inter alia,* to impose a constructive trust on the property. Although the Supreme Court, in effect, dismissed as time-barred the cause of action to impose a constructive trust on the Bayside property, there was insufficient evidence presented at the trial to determine the issue.

The equitable claim for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213 (1), which begins to run at the time of the wrongful conduct or event giving rise to a duty of restitution (*see, Lucci v Lucci,* 227 AD2d 387, 389). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition * * * or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (*Sitkowski v Petzing,* 175 AD2d 801, 802).

In this case, the wrongful conduct would have occurred when the plaintiff asked to have the Bayside house transferred back to him and the defendant refused (*see, Lyons v Quandt,* 91 AD2d 709; *Matter of Sroczyk,* 96 AD2d 749). There was no evi-

dence at trial, however, as to when the defendant refused to return the house. Consequently the question of whether the cause of action is barred by the Statute of Limitations cannot be determined. Moreover, we will not address the merits of the plaintiff's constructive trust claim with regard to the house since the Supreme Court made no ruling on this issue (*see, Mogollon v Mogollon,* 259 AD2d 678). Accordingly, the matter is remitted to the Supreme Court for a new trial on the cause of action to impose a constructive trust on the Bayside house.

The interest on the $30,000 loan should have been computed from September 1, 1987, to July 26, 1993, at the rate of 6%, as provided in the mortgage, and thereafter at the legal rate (*see, Sindelar v Fritzsch,* 167 AD2d 812). Additionally, since no demand for repayment of the $86,260.76 loan was made before the commencement of this action, the Supreme Court erred in awarding the plaintiff interest from the date the money was first loaned. Interest should have been awarded only for the period after the service of the summons (*see, Tunnell v Tunnell,* 6 AD2d 1036, *affd* 6 NY2d 836; *Doyle v Levy,* 3 AD2d 908, *affd* 4 NY2d 1015). After the trial on the cause of action to impose a constructive trust on the Bayside house, a judgment shall be entered including the proper amount of the interest on those loans.

The parties' remaining contentions are without merit. Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.