■ THOMAS A. LEIRE et al., Appellants, v AURORA ANDERSON-LEIRE, as Trustee of the Aurora Anderson-Leire Trust, Respondent. [802 NYS2d 762]—

Mugglin, J. Appeal from an order of the Supreme Court (Best, J.), entered January 25, 2005 in Hamilton County, which denied plaintiffs' motion for summary judgment.

Plaintiffs seek to impose a constructive trust on premises in

the Town of Lake Pleasant, Hamilton County. In 1993, when he married defendant, Thomas Leire (hereinafter decedent), the father and grandfather of plaintiffs, owned the premises jointly with his daughter, Judith Leire. The premises, or partial interests therein, have subsequently been conveyed as follows: in 1994, decedent conveyed his 50% interest to decedent and defendant as tenants by the entirety; in 1996, decedent, defendant and Judith Leire conveyed the premises to decedent and defendant, as tenants by the entirety, thus conveying Judith Leire's 50% interest and vesting 100% of the title in decedent and defendant; and, finally, following decedent's death in 1997, defendant conveyed the premises to the Aurora Anderson-Leire Trust. The trust is revocable and, among other things, reserved to the trustee the power to sell the premises. When defendant listed the property with a broker, this action ensued. Prior to serving an answer, defendant moved for dismissal of the complaint. Following denial of the motion and upon completion of discovery, plaintiffs moved for summary judgment. Supreme Court, finding that issues of fact exist, denied the motion and plaintiffs appeal.

"In general, in order to impose a constructive trust, a court will require four factors to be established: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment" (*Tordai v Tordai*, 109 AD2d 996, 997 [1985]; *see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). "It must be remembered, however, that a constructive trust is an equitable remedy that may be imposed whenever necessary in order to 'satisfy the demands of justice' " (*Booth v Booth*, 178 AD2d 712, 713 [1991], quoting *Mattera v Mattera*, 125 AD2d 555, 556 [1986]). As such, "[a] constructive trust will [only] be imposed where [it is evident that] one party holding title to property is under an equitable duty to convey it to another" (*Janke v Janke*, 47 AD2d 445, 447-448 [1975], *affd* 39 NY2d 786 [1976]; *see Terrille v Terrille*, 171 AD2d 906, 907-908 [1991]). Accordingly, "this [C]ourt has held that the four requisite elements 'are not rigid, but are flexible considerations for the court to apply in determining whether to impose a constructive trust' " (*Booth v Booth, supra* at 713, quoting *Hornett v Leather*, 145 AD2d 814, 815 [1988], *lv denied* 74 NY2d 603 [1989]).

The only apparent agreement between these parties is that, as husband and wife, decedent and defendant were in a confidential relationship. Plaintiffs argue—and defendant disputes—that they have tendered sufficient evidence to eliminate any material issue of fact (*see Jones-Barnes v Congregation*

*Agudat Achim*, 12 AD3d 875, 876 [2004], *lv dismissed* 4 NY3d 869 [2005]). Defendant does not dispute that she and decedent, following discussions starting in 1994, were in general agreement that a trust be created to hold title to the property for the ultimate benefit of decedent's grandchildren, following defendant's life estate. Indeed, there is no other rational explanation for the third conveyance to the trust. Nevertheless, the exact express or implied promise that defendant must have made to decedent is that if the property were to be conveyed to them as tenants by the entirety and she survived decedent, she would convey or devise the property to his five grandchildren. Following such a promise, decedent must have conveyed the property in reliance thereon. After searching the record, we agree with Supreme Court that issues of fact exist as to whether such a promise was made and whether the applicable conveyances were made in reliance thereon. In this regard, we note that the 1994 deed contains a recitation that the conveyance was made for the specific purpose of breaking the right of survivorship tenancy with Judith Leire and creating a tenancy in common with her. Also, we note that the 1996 deed conveyed Judith Leire's 50% interest and questions remain as to whether she conveyed in reliance on the requisite promise or, for that matter, whether she enjoyed any confidential or fiduciary relationship with defendant.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.