■ In the Matter of SALVATORE VECCE, Respondent, v TOWN OF BABYLON et al., Appellants. [822 NYS2d 94]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town of Babylon Board of Appeals filed March 29, 2004, which denied the petitioner's application for renewal of a building permit issued on September 29, 1993, and for several area variances, and an action for a judgment declaring, among other things, that the petitioner had a constitutionally vested right to maintain a garage erected upon his property and that he was entitled to a certificate of occupancy for the garage, the Town of Babylon and the Town of Babylon Board of Appeals appeal from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 24, 2005, which, inter alia, granted the petition and declared that the petitioner had a vested right to maintain the garage and was entitled to a building permit and a certificate of occupancy.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1993 the petitioner obtained a building permit for the construction of a detached garage on his property. The building permit was revoked in 1994, after the completion of the garage. Following a decision by the appellant Town of Babylon Board of Appeals (hereinafter the Board) denying the petitioner's 2003 application to renew his building permit and for the various area variances, the petitioner brought this hybrid article 78 proceeding and declaratory judgment action.

Contrary to the appellants' contention, this matter was not time-barred. The petitioner's 2003 application to the Board was for renewal of his building permit and for several area variances. It was not one seeking to appeal the revocation of the building permit, in 1994. Consequently, the CPLR article 78 claim was timely commenced within 30 days after the filing of the Board's determination in the office of the town clerk (see Town Law § 267-c [1]).

The petitioner's declaratory judgment claim was also timely. "[T]o determine the [s]tatute of [l]imitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought'. . . If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limita-

tion period governs the declaratory judgment action" (*Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202 [1987], quoting *Solnick v Whalen,* 49 NY2d 224, 229 [1980]). Here, the petitioner's declaratory judgment cause of action in essence sought relief pursuant to CPLR article 78. The petitioner argued that he had a vested right to maintain the garage and that he was entitled to a building permit and certificate of occupancy for the garage. This claim was based upon his belief that he was entitled to either area variances or a determination that the building was compliant with the zoning code as it existed at the time the garage was built. Accordingly, the declaratory judgment action could have been resolved through the article 78 proceeding. Therefore, the 30-day statute of limitations was applicable to all the claims asserted in this case and they were not barred under the statute of limitations.

Turning to the merits, the failure to renew the building permit deprived the petitioner of substantive due process. A property owner is denied substantive due process when a governmental decision affecting his or her property has been made in an arbitrary and capricious manner (*see Town of Orangetown v Magee,* 215 AD2d 469, 471 [1995]; *Greenbriar, Ltd. v City of Alabaster,* 881 F2d 1570 [1989]). Contrary to the appellants' contention, the petitioner had a protectible property interest in the building permit. The permit was legally issued, the petitioner had made substantial improvements and incurred substantial expenses in reliance on the issued permit, and the permit was illegally revoked (*see Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408 [1975]; *Matter of Temkin v Karagheuzoff,* 34 NY2d 324 [1974]; *Town of Orangetown v Magee, supra*). The improper revocation of the building permit resulted from a clearly erroneous interpretation of the zoning code. Accordingly, under the circumstances of this case, the failure to renew the building permit was arbitrary and capricious (*see Town of Orangetown v Magee, supra*).

Additionally, the garage only needed to comply with the 1993 version of the Town's zoning code. As such, the petitioner only needed to obtain an area variance for a rear yard setback. The Board's denial of the area variance for a rear yard setback was arbitrary and capricious (*see* Town Law § 267-b [3]; *Matter of Crystal Pond Homes v Prior,* 305 AD2d 595, 596 [2003]). The requested rear yard setback area variance was not substantial since the petitioner was requesting a reduction of slightly more than three percent. A two tenth of one foot variance will not have an adverse effect or impact on the physical or environmental conditions in the neighborhood as evidenced by the environ-

mental statement. Also, it cannot be said that such a de minimus variance would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties. Lastly, the owners of adjoining properties did not object to the garage.

The appellants' remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.