■ JAMES B. ZANE, Appellant, v JANE MINION, Also Known as JANE MINION ZANE, Respondent. [882 NYS2d 255]—

In an action, inter alia, to impose a constructive trust upon certain real property and to recover damages for unjust enrichment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered December 4, 2008, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and fifth causes of action for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and fifth causes of action are denied.

In deciding a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must give the pleading a liberal construction, accept all of the facts alleged in the pleading to be true, and accord the plaintiff the benefit of every possible favorable inference in determining whether the allegations fit under any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). In order to state a cause of action to impose a constructive trust, a plaintiff must allege (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Simonds v Simonds,* 45 NY2d 233, 242 [1978]; *Nastasi v Nastasi,* 26 AD3d 32, 37 [2005]).

Here, the plaintiff alleged that in exchange for conveying a one-half interest in his real property to his wife, the defendant, she agreed to consent to the refinancing of two mortgages on the property and, thereafter, to reconvey her interest to him by naming him as the beneficiary of her interest in the property in her will or, should she survive him, as he designated in his will (*see Iwanow v Iwanow,* 39 AD3d 476 [2007]; *Leire v Anderson-*

*Leire,* 22 AD3d 944, 946 [2005]; *Onorato v Lupoli,* 135 AD2d 693, 695 [1987]; *Tomaino v Tomaino,* 68 AD2d 267, 269 [1979]). In reliance on those promises, the plaintiff allegedly transferred a one-half interest in the property to the defendant (*see Leire v Anderson-Leire,* 22 AD3d at 946). Approximately 10 years later, the defendant refused the plaintiff's request that she consent to the refinancing of the mortgages. In addition, the defendant informed the plaintiff that she had revoked her will leaving her one-half interest in the property to him or, should she survive him, as he designated in his will. As a result of the defendant's alleged breach of her promises, the plaintiff alleged, the defendant was unjustly enriched, receiving a one-half interest in the property and the benefit of its appreciation from the $1.7 million in improvements he had made to it. Contrary to the Supreme Court's determination, these allegations state a cause of action to impose a constructive trust and to recover damages for unjust enrichment (*see Leire v Anderson-Leire,* 22 AD3d at 946). Contrary to the defendant's contention, the deed, which indicates that the property was transferred for minimal consideration, does not conclusively establish that the conveyance was an unconditional gift (*see Leon v Martinez,* 84 NY2d at 88). Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and fifth causes of action.

The defendant's first alternative argument for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]), that those branches of its motion which were pursuant to CPLR 3211 (a) (5) to dismiss the fourth and fifth causes of action as time-barred, should have been granted, is without merit. The equitable claim to impose a constructive trust is governed by a six-year statute of limitations (*see* CPLR 213 [1]; *Auffermann v Distl,* 56 AD3d 502 [2008]; *Reiner v Jaeger,* 50 AD3d 761 [2008]; *Jakacic v Jakacic,* 279 AD2d 551 [2001]). " 'A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition . . . or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property' " (*Jakacic v Jakacic,* 279 AD2d at 551, quoting *Sitkowski v Petzing,* 175 AD2d 801, 802 [1991]).

Here, the plaintiff's claim accrued when the defendant alleg-

edly failed to honor her promises, which, according to the complaint, occurred in late 2005 or early 2006. Since the action was commenced in January 2008, the causes of action to impose a constructive trust and to recover damages for unjust enrichment are not barred by the statute of limitations (*see Panish v Panish,* 24 AD3d 642, 643 [2005]; *Jakacic v Jakacic,* 279 AD2d at 552-553; *Lyons v Quandt,* 91 AD2d 709, 710 [1982]).

The defendant's second alternative argument for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d at 545) is without merit. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur. [*See* 2008 NY Slip Op 33329(U).]