■ SANDRA WALDMAN et al., Respondents, v 853 ST. NICHO-LAS REALTY CORP., Appellant. [882 NYS2d 481]—

In an action, inter alia, for a judgment declaring the rights of the plaintiffs as owners of 40 shares in the defendant corporation, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered August 5, 2008, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

Each of the four plaintiffs inherited 10 shares of the defendant corporation's outstanding stock in 1985 following the death of a family member. Those 40 shares constituted 20% of the stock issued by the defendant corporation. The plaintiffs allege that they were advised in 1992 that the then-majority shareholder and secretary-treasurer of the defendant corporation (hereinafter the majority shareholder) intended to abandon the sole asset of the defendant corporation, a six-story apartment building, and that the defendant corporation would cease to operate. In actuality, the majority shareholder entered into a stock purchase agreement with a third party to sell "100%" of the outstanding shares of the defendant corporation, and the apartment building was included as part of the sale. On the date of closing, three checks totaling $31,738 made payable to the defendant corporation were tendered by the third party to the majority shareholder. The plaintiffs maintain that they did not discover the sale of the defendant corporation until 2006. They never surrendered their stock certificates, executed powers of attorney authorizing anyone to sell their stock in the defendant corporation, or received any proceeds from the sale. The defendant corporation moved for summary judgment pur-

suant to CPLR 3212 contending, inter alia, that the complaint failed to state a cause of action and that the action was barred by the applicable statute of limitations and the doctrine of laches. In the order appealed from, the Supreme Court denied the motion. We affirm.

The defendant corporation failed to establish its prima facie entitlement to summary judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The majority shareholder owed a fiduciary duty to the plaintiffs, who were minority shareholders. The power to manage the affairs of a corporation is vested with its directors and majority shareholders (*see Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 568 [1984]). As such, the directors and majority shareholders of corporations are "cast in the fiduciary role of 'guardians of corporate welfare'" (*id.* at 568, quoting *Leibert v Clapp*, 13 NY2d 313, 317 [1963]). In undertaking any corporate action, they must act in good faith (*id.*; *Meinhard v Salmon*, 249 NY 458 [1928]; *Salm v Feldstein*, 20 AD3d 469 [2005]).

Based upon the foregoing, there is a "justiciable controversy" between the plaintiffs, as minority shareholders, and the defendant corporation appropriate to be resolved through an action for a declaratory judgment (*see* CPLR 3001; *Watson v Aetna Cas. & Sur. Co.*, 246 AD2d 57 [1998]). Moreover, triable issues of fact exist with respect to the actions taken by the majority shareholder at the time the stock purchase agreement was executed, which preclude the granting of summary judgment in the defendant's favor.

Actions for declaratory judgments are not ascribed a certain limitations period (*see Solnick v Whalen*, 49 NY2d 224, 229 [1980]). The nature of the relief sought in a declaratory judgment action dictates the applicable limitations period (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36 [1995]) Thus, if the action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Matter of Vecce v Town of Babylon*, 32 AD3d 1038, 1039-1040 [2006]).

Here, the plaintiffs could have commenced an action against the defendant corporation to recover damages for fraud premised upon the actions of the majority shareholder. A cause of action seeking damages based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence, could have been discovered (*see* CPLR 203 [g]; 213 [8];

*Sargiss v Magarelli*, 50 AD3d 1117 [2008]). A triable issue of fact exists concerning the date upon which the plaintiffs could have, with reasonable diligence, discovered the alleged fraud of the majority shareholder (*see Moreau v Archdiocese of N.Y.*, 261 AD2d 456 [1999]).

In order for laches to apply, there must be an unreasonable and inexcusable delay (*see Skrodelis v Norbergs*, 272 AD2d 316 [2000]). A triable issue of fact exists as to whether the plaintiffs' delay in commencing this action was unreasonable and inexcusable.

Thus, the Supreme Court properly denied the defendant's motion for summary judgment.

The defendant's remaining contentions are without merit. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.