■   Uri Tornheim, Appellant, v Joseph Tornheim, Respondent, et al., Defendant. [888 NYS2d 603]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated July 28, 2008, as granted that branch of the motion of the defendant Joseph Tornheim which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Uri Tornheim, and the defendants Joseph Tornheim (hereinafter Joseph) and Shlomo Tornheim (hereinafter Shlomo) are brothers. By deed dated July 31, 1996, nonparty Helen E. Goldstein conveyed the subject real property located in Cedarhurst to Joseph and his brother, nonparty Peter Tornheim (hereinafter Peter). By deed dated March 31, 1999, Peter conveyed his interest in the subject property to Shlomo. In the complaint, the plaintiff alleges that, in 1996, he, Peter, Joseph, and Shlomo, "organized and formed an informal partnership and/or co-venture, so [as] to jointly acquire and purchase" the subject property. While the plaintiff acknowledges that his name does not appear on any of the conveyances or other documents which pertain to the subject property, he claims that he "entrusted his brothers in holding his share of title in the [subject] [p]roperty in trust for [p]laintiff's exclusive benefit." He commenced this action to impose a constructive trust on the subject property, and for a judgment declaring that he is the beneficial owner of a share of the subject property. The Supreme

Court granted that branch of Joseph's motion which was. for summary judgment dismissing the complaint insofar as asserted against him on the ground that it was time-barred. We affirm.

"A cause of action for a constructive trust is governed by the six-year statute of limitations provided by CPLR 213 (1), which begins to run upon the occurrence of the allegedly wrongful act giving rise to a duty of restitution" (*Taintor v Taintor*, 50 AD3d 887, 888 [2008]; *see Zane v Minion*, 63 AD3d 1151, 1153 [2009]; *DeLaurentis v DeLaurentis*, 47 AD3d 750, 751 [2008]; *Soscia v Soscia*, 35 AD3d 841, 843 [2006]; *Ta Chun Wang v Chun Wong*, 163 AD2d 300, 302 [1990], *cert denied* 501 US 1252 [1991]). " ' "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition . . . or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" ' " (*Zane v Minion*, 63 AD3d at 1153, quoting *Jakacic v Jakacic*, 279 AD2d 551, 551 [2001]; *see Auffermann v Distl*, 56 AD3d 502, 503 [2008]; *Sitkowski v Petzing*, 175 AD2d 801, 802 [1991]).

The Supreme Court properly determined that the plaintiff's complaint was time-barred as to Joseph. On this record, the only action allegedly undertaken by Joseph that could be considered a "wrongful act giving rise to a duty of restitution" (*Taintor*, 50 AD3d at 888), and which would not render the complaint time-barred, would be Joseph's alleged action in 2007, when he "walked away from the conversation" with the plaintiff concerning the subject property and the plaintiff's claim that he owned a share therein. However, this would simply constitute another alleged instance of Joseph "avoiding any discussions with [the plaintiff] about the [subject] [p]roperty," which, according to the plaintiff, Joseph began to do in 1997. Accordingly, based on this 1997 date, as the first date on which Joseph began to avoid discussions concerning the subject property, the plaintiff's action, which was commenced on or about January 2, 2008, is time-barred by the six-year limitations period applicable to actions to impose a constructive trust (*see* CPLR 213 [1]).

With regard to the plaintiff's request for a declaratory judgment, "[a]ctions for declaratory judgments are not ascribed a certain limitations period" (*Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2009]; *see Solnick v Whalen*, 49 NY2d

224, 229 [1980]). "The nature of the relief sought in a declaratory judgment action dictates the applicable limitations period" (*Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d at 587; *see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36 [1995]). "Thus, if the action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply" (*Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d at 587; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Matter of Vecce v Town of Babylon*, 32 AD3d 1038, 1039-1040 [2006]). To the extent that the plaintiff asserts a cause of action for a declaratory judgment, such cause of action also could have been brought, as it was, as an action to impose a constructive trust. Under the circumstances presented here, because the cause of action to impose a constructive trust against Joseph is time-barred, the declaratory judgment cause of action against him is also time-barred under the six-year limitations period applicable to a cause of action to impose a constructive trust (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d at 201; *Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d at 585; *Matter of Vecce v Town of Babylon*, 32 AD3d at 1039-1040).

The parties' remaining contentions are not properly before this Court. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.