■ Theresa Morris, Appellant, v Vincent J. Gianelli et al., Respondents. [897 NYS2d 210]—

In an action, inter alia, to impose constructive trusts on certain real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), entered March 19, 2009, as, upon reargument, adhered to an original determination in an order dated June 19, 2008, granting those branches of the defendants' respective cross motions which were to dismiss the third cause of action insofar as asserted against each of them as time-barred.

Ordered that the order entered March 19, 2009, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the order dated June 19, 2008, is vacated, and those branches of the defendants' respective cross motions which were to dismiss the third cause of action insofar as asserted against each of them as time-barred are denied.

On September 26, 2007, the plaintiff commenced this action against her two brothers regarding two parcels of real property formerly owned by the parties' father. The complaint alleged that on July 31, 2001, the parties' father executed deeds conveying the two subject properties from the father to the defendants. The complaint alleged that the transfer was made at a time when the parties' father was "of weakened strength and weakened capacity," and when the defendants knew that the father was executing a will bequeathing his entire estate to the parties. The complaint further alleged that the transfer of the properties was only discovered by the plaintiff after the father's death on March 2, 2006, when a notice of pendency was filed against the subject properties by another of the father's children on or about December 28, 2006. The third cause of action to impose a constructive trust alleged that the defendants promised to carry out the testamentary wishes of the father and divide the interest in the subject properties equally among the parties, and that the father relied upon the representations of the defendants and signed the deeds conveying the properties to the defendants. However, the third cause of action alleged that when "the plaintiff demanded the conveyance by the defendants of the . . . properties to [the father's estate]," the defendants refused.

In an order dated June 19, 2008, the Supreme Court, inter alia, granted those branches of the defendants' respective cross motions which were to dismiss the third cause of action insofar as asserted against each of them as time-barred. In an order entered March 19, 2009, upon reargument, the Supreme Court, among other things, adhered to so much of its original determination as granted those branches of the defendants' respective cross motions. We reverse the order insofar as appealed from.

The Supreme Court erred in concluding that the plaintiff's third cause of action was barred by the statute of limitations. "To dismiss a cause of action pursuant to CPLR 3211 (a) (5), on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired" (*Savarese v Shatz*, 273 AD2d 219, 220 [2000]; *see Sabadie v Burke*, 47 AD3d 913, 914 [2008]). In addition, upon a motion to dismiss a complaint pursuant to CPLR 3211, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff (*see Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Construing the facts in the complaint in the light most favorable to the plaintiff, we find that the defendants failed to establish their prima facie entitlement to dismissal pursuant to CPLR 3211 (a) (5). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition . . . or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (*Sitkowski v Petzing*, 175 AD2d 801, 802 [1991]; *see Tornheim v Tornheim*, 67 AD3d 775 [2009]; *Zane v Minion*, 63 AD3d 1151, 1153 [2009]; *Jakacic v Jakacic*, 279 AD2d 551, 552 [2001]). Under the circumstances, the third cause of action was timely interposed because it alleges that the wrongful act that triggered the running of the statute of limitations did not occur until after the death of the parties' father (*see Vitarelle v Vitarelle*, 65 AD3d 1034 [2009]; *cf. Zane v Minion*, 63 AD3d 1151 [2009]; *Panish v Panish*, 24 AD3d 642, 643 [2005]).

The defendants' remaining contentions are without merit. Fisher, J.P., Miller, Eng and Hall, JJ., concur.