■ SIMKHO AKHUNOV, Appellant, v 771620 EQUITIES CORP., Respondent. [911 NYS2d 448]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated August 28, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, the owner of shares in a cooperative apartment building, commenced an action against the defendant cooperative seeking various forms of relief based on an allegation that only 368 shares, rather than 468 shares, should have been allocated to his unit in the building.

The Supreme Court properly determined that the causes of action to recover damages for fraud and breach of contract were time-barred since they were commenced more than six years after the plaintiff learned that 468 shares had been allocated to his unit, at which point these causes of action accrued (*see* CPLR 213 [2], [8]).

Additionally, the plaintiff asserted a cause of action for a judgment declaring that he owns only 368 shares of the cooperative apartment building. " '[I]f [an] action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply' " (*Tornheim v Tornheim*, 67 AD3d 775, 777 [2009], quoting *Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2009]; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]). Here, the cause of action for declaratory relief could have been brought as a cause of action for reformation of a contract, which carries a six-year statute of limitations (*see* CPLR 213 [6]). Since the cause of action for declaratory relief was commenced more than six years after the date upon which a cause of action for reformation of the parties' contract would have accrued (*see Taintor v Taintor*, 50 AD3d 887, 888 [2008]), the declaratory judgment cause of action is time-barred (*see Tornheim v Tornheim*, 67 AD3d at 777).

That branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging unjust enrichment also was properly granted, but for a reason different from that relied upon by the Supreme Court. The defendant demonstrated its prima facie entitlement to judgment as a matter of law on this cause of action by establishing that it was not enriched at the plaintiff's expense (*see Baratta v Kozlowski,* 94 AD2d 454 [1983]; *see also Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.