■ ELENI K. CHRISTODOULOU, Respondent, v KYRIACOS CHRISTODOULOU et al., Appellants. [932 NYS2d 700]—

Contrary to the defendants' contention, the Supreme Court properly denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue

of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Baptiste v Harding-Marin*, 88 AD3d 752 [2d Dept 2011]; *Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]). Here, the defendants failed to demonstrate that the plaintiff's cause of action to impose a constructive trust was not timely commenced within six years (*see* CPLR 213 [1]) after the defendants breached their alleged promise by refusing to transfer an ownership interest in the defendant corporation to the plaintiff (*see* CPLR 213 [1]; *Morris v Gianelli*, 71 AD3d 965, 966-967 [2010]; *Zane v Minion*, 63 AD3d 1151, 1153-1154 [2009]).

Moreover, given the evidence that the plaintiff's discovery of the defendants' alleged fraud was delayed due to the plaintiff's relative lack of sophistication, the close and trusting familial relationship she shared with the individual defendants, and the false representations purportedly made by those defendants, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the plaintiff's cause of action alleging fraud as time-barred (*see* CPLR 213 [8]; *see e.g. Chung v Wang*, 79 AD3d 693, 694 [2010]; *Mattera v Mattera*, 125 AD2d 555, 558 [1986]).

The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.