■ MICHAEL DAVID YANG, Respondent, v OCEANSIDE UNION FREE SCHOOL DISTRICT et al., Appellants. [933 NYS2d 905]—

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Christodoulou v Christodoulou*, 89 AD3d 783 [2011]; *Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]).

Here, the defendants established, prima facie, that the complaint was filed more than one year and 90 days after the plaintiff's cause of action accrued and, thus, was untimely (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]). The defendants demonstrated that the one-year-and-90-day statute of limitations began to run on March 30, 2009, the date of the plaintiff's 18th birthday, when the infancy toll had terminated (*see* CPLR 208; *Henry v City of New York*, 94 NY2d 275 [1999]). However, the complaint was not filed until August 9, 2010.

The plaintiff failed to meet his burden of raising an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (*see Babu v Consolidated Edison Co. of N.Y., Inc.*, 72 AD3d 852 [2010]). In particular, the plaintiff's affidavit was insufficient to demonstrate that any alleged negligent acts were committed by the defendants after March 30, 2009.

Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the statute of limitations should have been granted. Dillon, J.P., Eng, Hall and Austin, JJ., concur.