■ ROBERT A. STIDOLPH, Respondent, v 771620 EQUITIES CORP. et al., Appellants. [959 NYS2d 718]—

In an action, inter alia, for declaratory and injunctive relief, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated January 10, 2012, as denied those branches of their cross motion which were to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a) (5) as time-barred and to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (1), and granted that branch of the plaintiff's motion which was for a preliminary injunction.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the defendants' cross motion which were to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a) (5) as time-barred, and substituting therefor a provision granting those branches of the cross motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was for a preliminary injunction, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The defendant 771620 Equities Corp. (hereinafter the Co-op) is a residential cooperative corporation that owns an apartment building. On February 23, 2001, the Co-op issued to the plaintiff a stock certificate, stating that he owned 685 shares in the Co-op, allocated to Apartment 6-J. The same day, the plaintiff entered into a proprietary lease with the Co-op relating to Apartment 6-J, which also indicated that the plaintiff was the owner of 685 shares of the Co-op, and provided that the plaintiff's maintenance payments would be computed, in part, based upon that allocation of shares.

In May 2011, the plaintiff commenced this action against the Co-op, the individual members of the Co-op's Board of Directors (hereinafter the individual defendants), and Penmark Management, LLC (hereinafter Penmark), the Co-op's former manag-

ing agent, alleging that, based upon a 1994 amendment to the Co-op's offering plan, his unit was properly allocated only 585 shares. Accordingly, in his first, second, and third causes of action, the plaintiff sought declaratory and injunctive relief to the effect that the defendants could only charge him maintenance in accordance with an allocation of 585 shares, and could not take any adverse actions against his property interest based upon the maintenance arrears assessed as a result of the 685-share allocation. In the fourth cause of action, the plaintiff sought a declaration that he was the holder of unsold shares and, thus, not subject to sublet fees. In the fifth cause of action, the plaintiff sought to collect certain payments the Co-op allegedly owed him pursuant to the City of New York's Senior Citizen Rent Increase Exemption Program (hereinafter SCRIE).

The plaintiff moved, inter alia, to preliminarily enjoin the defendants from taking adverse actions against his property interest. The defendants cross-moved, inter alia, to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a) (5) as time-barred, and to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (1) as moot. The Supreme Court granted that branch of the plaintiff's motion and denied those branches of the defendants' cross motion.

The Supreme Court should have granted those branches of the defendants' cross motion which were to dismiss the first, second, and third causes of action as time-barred. " '[I]f [an] action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply' " (*Tornheim v Tornheim*, 67 AD3d 775, 777 [2009], quoting *Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2009]; *see Akhunov v 771620 Equities Corp.*, 78 AD3d 870, 871 [2010]). Here, the relief the plaintiff seeks in the first three causes of action could have been brought as a cause of action for reformation of a contract on the ground of mistake, which is subject to a six-year statute of limitations, accruing from the date the alleged mistake was made (*see Akhunov v 771620 Equities Corp.*, 78 AD3d at 871). Despite the purported 1994 amendment, the plaintiff signed a lease in 2001 reciting that Apartment 6-J was allocated 685 shares, and he agreed to pay maintenance based upon that number of shares. Further, the plaintiff was aware of his dispute with the Co-op as to the allocation of shares to his apartment as early as August 2001, at which time the plaintiff was billed for an amount of maintenance that corresponded to his 685 shares, but remitted a lesser amount, which corresponded to an allocation of 585 shares. Ac-

cordingly, since the instant action was commenced more than 10 years after the plaintiff executed the lease in which a mistake was allegedly made as to his allocation of shares, the first three causes of action are time-barred (*see id.*).

In light of our determination that these three causes of action are subject to dismissal, that branch of the plaintiff's motion which was for a preliminary injunction must be denied.

The Supreme Court properly denied that branch of the defendants' cross motion which was to dismiss the fifth cause of action. The documentary evidence upon which the defendants relied to demonstrate a defense of mootness, by showing that they duly credited the plaintiff with SCRIE payments, only shows a partial credit, and, therefore, does not conclusively establish that defense (*see generally Green v Gross & Levin, LLP*, 101 AD3d 1079 [2012]).

The defendants' remaining contentions regarding the individual defendants and Penmark are not properly before this Court.

Accordingly, those branches of the defendants' cross motion which were to dismiss the first, second, and third causes of action as time-barred should have been granted, and that branch of the plaintiff's motion which was for a preliminary injunction should have been denied. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30091(U).]**