■ Frank J. Vetro, Appellant, v Middle Country Central School District et al., Respondents. [48 NYS3d 607]—In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 8, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's claims were time-barred (*see* CPLR 214 [3]; 215 [3]; Education Law § 3813 [2]; General Municipal Law § 50-i [1]; *Yang v Oceanside Union Free School Dist.*, 90 AD3d 649, 649 [2011]; *cf. Drakeford v Brooklyn Dist. Attorney*, 266 AD2d 134, 134 [1999]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether the relevant statutes of limitation were tolled or were otherwise inapplicable (*see Yang v Oceanside Union Free School Dist.*, 90 AD3d at 650).

Further, the causes of action alleging conspiracy and harassment asserted against the defendant Michelle Konik-Brosdal were properly dismissed because New York does not recognize a cause of action to recover damages for harassment (*see Adeniran v State of New York*, 106 AD3d 844, 845 [2013]), or an independent cause of action for conspiracy to commit a tort (*see Oseff v Scotti*, 130 AD3d 797, 799 [2015]).

In light of our determination, we need not address the parties' remaining contentions. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.