| |
|---|
| **Malek v Malek** |
| 2025 NY Slip Op 30442(U) |
| February 4, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 516802/2017 |
| Judge: Wayne Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at Civic
Center, Brooklyn, New York, on the 4th day of
February 2025.

P R E S E N T:

HON. WAYNE SAITTA, Justice.

------------------------------------------------------------------X

MORDECHAI HERSH MALEK, SUING ON HIS
OWN BEHALF AND ON BEHALF OF
E&S REALTY TRUST AND MALEK FAMILY
TRUST AND E&S REALTY TRUST and
MALEK FAMILY TRUST,

        Plaintiff,       Index No. 516802/2017

   -against-            MS #7

CHAIM HILLEL MALEK, CHAYA SURA
RADZMINSKY, SHULEM MALEK, E&S REALTY
MANAGEMENT LLC, AND SEM HOLDINGS LLC.,

                Decision and Order

        Defendants,

------------------------------------------------------------------X

This case involves a dispute between various members of the Malek family concerning the disposition of various assets of the Malek Family Trust (the Trust).

In 2004 Elias and Serena Malek set up the Malek family trust. Plaintiffs MORDECHAI MALEK, Defendants SHULEM MALEK, CHAYA SURA RASZMINSKY, HILLEL MALEK and intervenor DEVORAH PIOTRKOWSKY, are children of Elias and Serena Malek.

The complaint further alleges that the Trust Agreement provided that if for any reason Elias and Serena Malek shall cease to act for any reason as trustees, their children Shulem, Chaya, Devora, Mordechai and Hillel Malek would be appointed to act as successor Trustees.

[* 1]

Among the various causes of action asserted by Plaintiff MORDECHAI MALEK is a claim that money from a loan made with money from the Trust, is owed to the Trust and was diverted by SHULEM MALEK to himself and SEM HOLDINGS LLC.

Defendants SHULEM MALEK, E&S REALTY MANAGEMENT LLC, AND SEM HOLDINGS LLC, move to dismiss the 11th and 13th causes of action in the complaint on the grounds that these causes of action are barred by the statute of limitations and that documentary evidence establishes that Defendant SEM Holdings LLC is the sole payee of the loan by the terms of the promissory note and mortgage.

The 11th cause of action in the complaint asserts that the Trust made a loan of $500,000 to Jeffrey Fernbach, Haley Fernbach and Fernmoor Homes (collectively referred to as "Fernmoor"). Plaintiff further alleges that Defendant SHULEM MALEK diverted payments by Fernmoor owed to the Trust and seeks a declaration that the Trust is the owner of the indebtedness owed by Fernmoor as well as an accounting of the monies received by Defendants SHULEM MALEK and SEM HOLDING LLC from Fernmoor.

The 13th cause of action in the complaint seeks a declaration that the Trust is entitled to all payments of principal and interest made by Fernmoor in connection with loans made by Elias Malek or companies which are affiliated with Elias Malek.

Movants argue that these causes of action should be dismissed on two grounds. First, based on documentary evidence that the promissory note and mortgage show the SEM HOLDINGS LLC is the lender and entitled to payments made by Fernmoor in repayment of the loan. Second, that the loan was made in 2009 and this action was not commenced until 2017, after the six-year statute of limitations period had run.

Movants submit both a Promissory note showing that Fernmoor borrowed $500,000 from SEM HOLDINGS LLC, and a mortgage in favor of SEM HOLDINGS LLC

2

[* 2]

securing the loan. The Trust is not listed on either the promissory note or the mortgage. They also submit the certificate of formation and operating agreement showing that SHULEM MALEK is the sole owner of SEM HOLDINGS LLC.

Plaintiff argues in opposition that the $500,000 loan to Fernmoor was made with monies from the Trust and the payments from Fernmoor were made to the Trust until Elias and Serena Malek died and that thereafter SHULEM MALEK diverted the payments from the Trust to SEM HOLDINGS. Plaintiff argues that there is no evidence that monies loaned to Fernmoor were gifted to SEM HOLDINGS.

Plaintiff argues that this is sufficient to make out a claim for unjust enrichment and to impose a constructive or equitable trust on the mortgage and note.

In general, "[t]o impose a constructive trust real property, a plaintiff must prove (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance on that promise, and (4) unjust enrichment" (*Morales v Rolon,* 226 AD3d 765, 766 [2nd Dept 2024]; *Keane v. Keane,* 193 A.D.3d 838, 839[2d Dept 2021]; *see Sharp v. Kosmalski,* 40 N.Y.2d 119, 121,[1976]).

Plaintiff has alleged facts that, if proven, support the four elements necessary to impose a constructive trust on the loan to Fernmoor.

First, it is clear that there is a confidential relationship among the Plaintiff and Defendants, who are siblings and were trustees of the Trust.

Second, while Plaintiff has not shown an explicit promise that the loan would be repaid to the Trust, there is no requirement that the alleged promise be expressly stated, a promise may be implied or inferred from the transaction itself, (*Estate of Uddin v Miah*, 229 AD3d 764, [2d Dept 2024]).

3

[* 3]

In this case, the allegations that Trust monies were used for the loan together with the fact that the payments by Fernmoor were made to the Trust until the death of Serena Malek supports an inference that there was a promise that the loan would be repaid to the Trust.

Third, the allegations that the loan was funded with monies from the Trust is sufficient to make out the element of transfer of Trust property. At this point, movants have not established that the monies used for the loan were from SEM HOLDINGS LLC or that the Trust gifted the monies to SEM HOLDINGS LLC.

Fourth, if the loan was funded by monies from the Trust and not by SEM HOLDNGS LLC, it would constitute unjust enrichment to allow SEM HOLDINGS LLC to keep Fernmoor's payments.

For the above reasons, the Plaintiff has asserted facts which if proven could establish a claim for a constructive trust or unjust enrichment, even though the promissory note and mortgage are in the name of SEM HOLDINGS LLC.

Further, Defendant SEM HOLDINGS LLC's argument that the claims relating to the Fernmoor mortgage are barred by the statute of limitations is misplaced.

The statute of limitations for a cause of action to impose a constructive trust is six years and begins to accrue upon the occurrence of the wrongful act giving rise to a duty of restitution (*Morales v Rolon*, 226 AD3d 765, [2d Dept 2024]; *Zane v Minion*, 63 AD3d 1151, [2d Dept 2009]; (*Taintor v. Taintor,* 50 A.D.3d 887, [2d Dept 2008]).

"A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition ... or whether the constructive trustee wrongfully withholds property acquired

4

[* 4]

lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property' " (*Zane v. Minion,* 63 A.D.3d 1151, 1153, [2ᵈ Dept 2009]; *Auffermann v. Distl,* 56 A.D.3d 502, 503, [2d Dept 2008]; *Jakacic v. Jakacic,* 279 A.D.2d 551, 552 [2d Dept 2001]; *Sitkowski v. Petzing,* 175 A.D.2d 801, 802 [2d Dept 1991]).

Here, assuming Plaintiff's allegations to be true, the wrongful act giving rise to the duty of restitution was not the putting the mortgage and note in the name of SEM HOLDINGS LLC in 2009. As long as the repayments by Fernmoor were being made to the Trust there were no basis or claim for restitution. It was the diverting the payments from the Trust to SEM HOLDINGS LLC after Serena Malek died in 2014, that constituted the act giving rise to restitution. Only at that point was there a claim for restitution and did the statute of limitations period begin to run. As Plaintiff commenced this action in 2017 within 6 years of the time payments were diverted to SEM HOLDINGS LLC, the action was commenced within the statute of limitations.

WHEREFORE, it is hereby ORDERED that Defendant SEM HOLDING LLC's motion to dismiss the 11ᵗʰ and 13ᵗʰ causes of action is denied.

This constitutes the Decision and Order of this Court.

ENTER:

_____

JSC

5

[* 5]